No. 256.

### J. U. PAYNE ET AL. VS. CHARLES C. NOWELL ET ALS.

1.  When a sale is rescinded, or annulled, for non-payment of the purchase price, by agreement between the *original* parties, whatever its validity may be as to them, the retrocession does not, necessarily, affect third persons.
2.  When the *voluntary* retrocession is made to one who is *not* the *original* vendor, but merely the *transferee* of the rights of the vendor, and a mere creditor for the unpaid balance of the purchase price, and *not* subrogated to the right of the vendor to demand the resolution of the sale on account of the non-payment of the price, it does not affect the rights of other mortgage creditors of the debtor.
3.  Under similar circumstances the transferee of the vendor's note for the purchase price has no right of action against the original vendee to compel the retrocession of the land.

APPEAL from the Second District Court, Parish of Bossier.
Boone, J.

*J. H. Keyser* and *J. A. W. Lowry* for Plaintiffs and Appellants.

*Snider & Smith* for Defendants and Appellees.

The opinion of the Court was delivered by

WATKINS, J.   On the 20th of March, 1878, one E. F. Connell conveyed a large tract of land situated in the parish of Bossier, to one C. C. Nowell, for the price of $4070, on a credit, and for which sum the purchaser executed one note, due and payable to the order of his vendor, on the 1st of November thereafter.

The act of sale was duly recorded in the proper book of conveyances and mortgages, on the day after its execution.

This note was subsequently negotiated to Payne, Kennedy & Co., of New Orleans, and, it having only been partially paid, they brought an ordinary action for the purpose of obtaining a personal judgment against Nowell, and the foreclosure of their vendor's lien and mortgage on the land.

During the pendency of this suit, the debtor, Nowell, on the 10th of December, 1881, executed to, and in favor of the plaintiffs, an act of *dation en paiement* in full and complete satisfaction of the note, interest, and cost; and the plaintiffs surrendered to Nowell the note.

On the 11th of February, 1887, Payne, Kennedy & Co. conveyed the same land to the State National Bank of New Orleans; and on the 30th of December following, the bank made a reconveyance of the land to Payne, Kennedy & Co., simply reinstating their title, as it was at the date it was executed to the bank.

On the 2nd of February, 1888, this suit was instituted, and has for object the rescission -and avoidance of the *dation en paiement* from Nowell to plaintiffs, on the ground that the latter had breached his contract of full warranty against all mortgages encumbering the land sold. This breach of warranty is alleged to be, that, without petitioners' knowledge, Wm. E. Hamilton and Wm. B. Hamilton caused to be inscribed on the mortgage records of Bossier parish, on the 24th of September, 1878, the copy of a judgment in their favor and against said Nowell, for the sum of $2102 67; and that said mortgage was inscribed at the time of the execution of said *dation* to them. That, recently, said Hamiltons instituted an hypothecary action against the State National Bank—whilst it was owner of the property—for the recognition and enforcement of their judicial mortgage against the property in its hands; and that, notwithstanding the resistance of the bank thereto, a final judgment and decree of this court, affirmed the binding force and effect of said judicial mortgage against the land in its possession, and decreed same to be surrendered by the bank for sale, or that it should pay the Hamilton judgment.

In this position of affairs the bank executed its re-conveyance of the land to the plaintiffs, and therefor they make this demand of Nowell.

It is further alleged that the Hamiltons are about to. execute their judgment against the property, and, upon appropriate averments, plaintiffs obtained an injunction against it. The prayer of their petition is, that the seizure and sale of the land be restrained; that the conveyance of the land from Nowell to them be rescinded, the property declared to be that of Nowell, their note of $4070 revived, and their vendor's lien and privilege recognized as still bearing upon, and attaching to the property.

Disencumbered of the verbiage of statement, plaintiffs' theory and claim are that, on account of Nowell's alleged violation of his contract of warranty with them, in failing to disclose the existence of the Hamilton mortgage on his land, at the time of sale, they, as the transferees of his purchase note to Connell, the original vendor, are entitled to have Nowell's conveyance to them rescinded and the property restored to him, and their note *revived*, and the vendor's lien securing it recognized as attaching to the land.

The effect of such a decree, if rendered, would be to restore them to the same condition they occupied on the 10th of December, 1881, when their suit against Nowell was compromised and their note surrendered.

The Hamiltons, in their answer, aver the existence, registry and reinscription of their judicial mortgage, as taking effect on the 24th of

September, 1878, and as still existing thereon. They aver that the plaintiffs have no mortgage, or lien on said property, and no debt against Nowell, and their injunction against their sale was unlawfully and improvidently obtained, and that they are entitled to statutory and special damages against them and the security on their injunction bond.

The defendant, Nowell, avers that the purchase note and mortgage described and asserted by the plaintiffs were fully and absolutely novated, and extinguised by the *dation en paiement* to them of December 10, 1881, and said note was delivered to him and canceled. He further avers the existence of the Hamilton mortgage, and plaintiffs', as well as his own, full knowledge of it at the time of the sale. All the defendants unite in pleading the prescription of five years against the note to Connell, and the peremption of the mortgage and vendor's lien, by reason of the lapse of more than ten years, without any reinscription thereof, in the same manner in which the inscription was first made. They also plead against the action itself, the prescription of one, five and ten years. Upon these issues there was judgment in the court *a qua* in favor of the defendants, and the plaintiffs have appealed. In this court the appellees have filed an answer to the appeal and requested an increase in the judgment for damages.

This historical sketch of the facts of this complicated transaction was deemed the best method of conveying a clear and concise idea of the issues involved, and, for convenience, we have interwoven therewith the pleadings and pleas of the parties.

In our opinion in the case of Hamilton vs. State National Bank, 39 Ann. 932, many of the questions and transactions agitated here, were examined; and the decree therein rendered, affected the title to the land, while in the ownership and possession of the bank, which was, at the time, plaintiffs' vendee, and subsequently their vendor; and, hence, they are likewise, necessarily affected thereby.

The court say:

"The question presented simply is, whether the mortgage resulting from the registry of plaintiffs' judgment against Nowell has continued to attach to the land, notwithstanding the transfer of it by Nowell to Payne?"

They say that "it is clear that had not Connell transfered the note, and had he not been paid the same, *he* could have brought a suit to annul the sale, and that the property would have returned to him *free* from the judicial mortgage in favor of the plaintiffs. * * * But the fact is, that Connell did not, at the same time, confer on Payne the

right to demand the nullity of the sale in case of non-payment of the price. The transfer of the property by Nowell to Payne must not, therefore, be received as though made to Connell. 38 Ann. 582.

"It consequently follows that the property has not passed free from the judicial mortgage, but that it was conveyed *cum onere*. It has been held — and properly, too — that, even where a sale is annulled by agreement between the *original* parties, whatever its validity may be as to them, the retrocession does not, necessarily, affect third persons. * *

"Under the circumstances of this case, it is manifest that, *a fortiori*, the *voluntary* transfer does not affect such third persons, as it was made *not* to the orginal vendor, but to one who was only a creditor for the unpaid price of sale, and who had not been subrogated to the right of the vendor to demand the nullity of the sale on account of the non-payment of the price; and the less so as, in this instance, suit had been brought pending which the debtor transfered the land in *consideration of the return of the note*. In Castle vs. Floyd, 38 Ann. 583, this court held that the right to have the sale rescinded owing to the non-payment of the notes representing the purchase price did not pass with the note without special agreement to that effect."

For these reasons the court concluded that the Hamilton mortgage still lived and attached to the property.

Following these reasons and conclusions to their legitimate end — and they are strictly applicable to the plaintiffs, still — they would seem to answer their demands against Nowell and Hamilton in this suit, as well.

For, if, at the time, and under the circumstances given by the court in that case, the Hamilton mortgage was recognized as having full force and effect against the property, because Nowell, the debtor, and plaintiffs as transferees of the vendor's note, could not, by their own convention, and without resorting to judicial proceedings, make a conveyance which would defeat its effect, do they not *now* occupy the same situation in respect to Nowell, as they did *then* in respect to the Hamiltons?

We take that to be perfectly clear. Pretermitting any expression of opinion as to the right of a *vendee* to sue for the resolution, or rescission of a sale — which is more than doubtful — it is perfectly clear that, under the facts detailed, the plaintiffs cannot recover against the defendants in this action. In this view of the law, it is unnecessary to pass upon the various pleas of prescription which have been urged.

The plaintiffs' injunction was correctly dissolved by the judge *a quo*,

and the Hamiltons must be allowed to proceed with the execution of their judgment, unless the plaintiffs elect to discharge it.

The demands of the defendants for an amendment of the judgment in their favor, so as to allow them 10 and 20 per cent statutory damages on the amount of the judgment enjoined cannot be granted, because plaintiffs are not the judgment debtors of the Hamiltons, but third persons. In such case the defendants must be relegated to an action on the plaintiffs' injunction bonds.

Judgment affirmed.

---

Mr. Justice Fenner recuses himself on account of relationship to one of the plaintiffs.