## Winston *v.* Tufts, Fermor & Hobart.

Plaintiff charged defendants with selling to them, through a broker, a note drawn and endorsed by
M., and with causing M. to be alleged as solvent, when it was known to defendants that he was
insolvent, and prayed judgment against the defendants for the amount of the note. *Held :* The
plaintiff's proper remedy was in action to avoid the contract transferring the note.

APPEAL from the Fourth District Court of New Orleans, *Reynolds,* J.
*Hiestand,* for plaintiff and appellant.    *Goold & Stansbury,* for defendants.

BUCHANAN, J.  The petition charges that defendants, being the holders of a
note drawn and endorsed by one *Montanye,* who was insolvent to the know-
ledge of defendants, put the same in the market, and caused the said *Montanye*
to be represented as perfectly solvent; through which false representations and
fraud of defendants, the plaintiff became the purchaser of said note, which was
protested at maturity for non-payment.    Plaintiff sues defendants for the
amount of the note, with interest and costs.

The answer admits, that defendants had been the original holders of the note
sued on; that they had put the same into the hands of a bill-broker for sale at
the highest market value; denies that they made representations to plaintiff,
or any other person, as charged in the petition ; avers that plaintiff, in buying
said note, could not have been made to believe that the maker was perfectly
good and solvent, inasmuch as the note was offered to him and purchased by
him, at an enormous discount.

There was judgment of nonsuit, from which plaintiff has appealed.

We think plaintiff has mistaken his remedy.   Defendants were not endor-
sers of the note, and supposing the allegations of the petition to be true, plain-
tiff, could not claim the payment of the note at the hands of defendants, but
only a return of the price paid by him for the note.   C. C. 2619.

There is a prayer for general relief; but this cannot entitle him to a decree,
which is inconsistent with the special remedy sought.    That remedy is the spe-
cific performance of the contract of *Montanye ;* while the law only admits an
action for the avoidance of another contract, to wit, that of transfer or sale of
*Montanye's* note.   *Brown* v. *Schmidt,* 7 Ann. 349.

Apart from this technical objection, the plaintiff has failed to make out his
case by evidence.   The defendants have not been connected with the purchase
of the note by plaintiff.   That purchase was made from a broker named *Levy,*
and the ostensible holder of *Montanye's* note when purchased, was one *Donald-
son,* who received its proceeds.   The broker *Tufts,* through whom defendants
sold the note, appears to have disposed of it to *Donaldson,* who paid him for
the same.   The answer is not viewed by us as containing an admission that
plaintiff purchased the note from defendants.   The allegations of the petition
concerning representations of the solvency of *Montanye,* having been made to
plaintiff at the time of the purchase, are distinctly disproved by *Levy,*

Judgment affirmed, with costs.