THE STATE OF VERMONT v. WILLIAM H. M. HOWARD.

*Practice.    Criminal law.    Supreme court.*

The supreme court have no power to order a change of venue in a criminal case.

Neither can the county court order a trial of a criminal case in any other county than that in which the offence is alleged to have been committed. REDFIELD, Ch. J.

This was a petition by the state's attorney of Orange County to order the change of venue in this case, which is an indictment for manslaughter and procuring abortion, pending in said county, on the ground of the impracticability of obtaining a fair trial in

the county of Orange, by reason of the excitement and disordered state of public opinion in regard to the case.

REDFIELD, Ch. J. We do not regard this court as having any control over this subject. Its jurisdiction, at present, is by statute limited to certain specified matters, the chief of which are hearing matters in error from the county court, chancery appeals, and that general supervision of inferior tribunals, and public officers, which are at common law exercised by the court of King's Bench in England. .

The several county courts have exclusive jurisdiction of the trial of all persons charged with crime and criminal offences, above the jurisdiction of justices of the peace. If there is any power, any where, to grant this petition, it must reside in the county court for the county of Orange. But as the statute provides, in general terms, for the trial of criminal cases in the county where the offence is charged to have been committed, we do not perceive how any court could order a trial in such cases in any other county.

There will sometimes arise cases where a change of venue might be desirable, and this may be one of that class. But it will require the interference of the legislature before that can be done, and it is for them to determine when such provision becomes desirable.