(35 South. 953.)

No. 14,955.

BONNETTE v. WISE.

(Feb. 1, 1904.)

DEED ABSOLUTE—MORTGAGE—EVIDENCE—ACTION OF LESION—INADEQUACY OF PRICE—COUNTER LETTER.

1. When plaintiff prays for a decree declaring a sale of real estate to be a mortgage, evidence admitted for the purpose of showing inadequacy of price is germane to the issue, but cannot be used, under a prayer for general relief, for the purpose of converting the action into one of lesion, the two demands being inconsistent. Winston v. Tufts, 10 La. Ann. 23.

2. An action of lesion lies to rescind a sale of real estate with the pact of redemption, and the right of plaintiff in this respect should have been reserved.

3. When the counter letter shows that the purchaser was to become the absolute owner on the failure of the vendor to redeem, and where the purchaser went into possession of the property and exercised rights of ownership over it, mere inadequacy of price is not sufficient to justify the court in holding that the contract was not a sale but an hypothecation. The remedy, where the price paid is less than one-half of the value of the immovable estate sold, is by action of lesion.

(Syllabus by the Court.)

Appeal from Thirteenth Judicial District Court, Parish of Grant; W. F. Blackman, Judge.

Action by Grace T. Bonnette against H. A. Wise. Judgment for plaintiff. Defendant appeals. Amended and affirmed.

William Cullen Roberts, for appellant. Robert P. Hunter & Sons, for appellee.

LAND, J. This is a suit brought for the purpose of having two sales of lots in the town of Pollock, La., made by Mrs. Bonnette and her former husband to defendant, decreed to be a mortgage. The petition alleges that, considered as sales, said transfers "were null for lesion beyond moiety," but that they "were not sales, but were intended as a mortgage of this property to secure the debt of six hundred and fifty dollars."

The answer of the defendant is to the effect that, as shown by the recorded counter letter, the conveyances were valid sales with the pact of redemption, for a fair price, and accompanied by delivery, and that defendant became the absolute owner of the property by the failure of his vendors to redeem it within the time agreed on.

On February 28, 1902, Mrs. Grace T. Bonnette, wife of E. V. Bonnette, conveyed to W. A. Wise, in the form of an absolute sale for $400 in cash, seven lots in Pollock, La., with the buildings and improvements thereon, and on the same day E. V. Bonnette made a similar conveyance to W. A. Wise of two lots, with buildings and improvements thereon, in the same town, for $250 in cash. On February 20th, Wise and Bonnette entered

into a written agreement in the nature of a counter letter, which reads as follows, viz.:

"State of Louisiana, Parish of Grant.

"This agreement entered into this 20th day of February A. D. 1902, between H. A. Wise, resident of the Parish of Rapides, State of Louisiana, hereinafter designated as the first party, and E. V. Bonnette, resident of the Parish of Ouachita, State of Louisiana, hereinafter designated as the second party, Witnesseth:

"First, that the second said party for himself, his heirs and executors and administrators, promises, covenants and agrees to pay to said first party, his heirs and administrators and assigns, the sum of six hundred and fifty dollars, with interest at the rate of eight per cent per annum from the first day of March A. D. 1902, to be paid on or by the first day of January A. D. 1903, said sum to be paid to the order of said H. A. Wise, at Pollock, La.

"Second, that in consideration of the above and upon the fulfillment of all [and] singular [the] covenants contained in the agreement, to be performed and kept by the said second party in the same manner and time specified herein, the said first party agrees to sell and convey by sufficient warranty deed unto said second party, his heirs and assigns, the following described property to wit: Lots Nos. sixteen and seventeen, of block three, of the town of Pollock, as per plat of said town on file in the office of the clerk of the District Court, at Colfax, La. together with all the buildings thereon, and appurtenances thereunto belonging, also the (7) lots this day purchased from Grace T. Bonnette, in the N. E. Qr. of S. W. Qr. sec. 6, T. 6. N. 1 East, La. Meridian, together with all buildings thereon and appurtenances thereto belonging.

"Third. That said first party shall pay all the taxes which are now assessed on said property, and also those that shall be assessed thereon before the execution of said deed aforementioned, but all monies so expended for taxes shall be refunded to said first party.

"Fourth, that if any of the said payments either in principal or interest be not made by the second party, be not paid when due, or if said second party shall in any other way or manner break this agreement, then this contract shall be forfeited, on the part of the said second party, and the said first party may retain in his own name the real estate and improvements on the same, as stipulated damages for non-fulfillment of this contract, and the said first party, his heirs and assigns, shall be entitled to the premises for their own use and benefit, and the said second party covenants and agrees that he and all persons holding premises, shall and will surrender possession thereof, with the improvements to the said first party. It is further agreed that no sale, assignment or pledge of this contract shall be binding on said first party, nor shall it be of any validity or force whatever."

As stated therein, the agreement was executed on February 20th, and the notarial sales were executed on February 28th.

Plaintiff's counsel admits in his brief that all the property sold to Wise belonged to the community, and further admits that there was delivery of actual possession to him. But they contend that the vileness of the price and the character of the transaction as set forth in the counter letter show that the real contract was one of mortgage or security, or an antichresis; but if considered as sales, they are null for the same reason.

Defendant's contention is that the transaction was a sale with the right or privilege of redemption, and, this right not having been exercised within the time agreed on, it was forever lost. It is shown that no tender was made until after January 1, 1903. The district judge held that the evidence showed that the property was worth from $1,200 to $1,500 at the date of the sale; "that the price was small, and perhaps vile," but the vendor gave up the possession of the property, delivered it, and moved to Monroe, where he invested the money in other property; that the transaction was not intended to be a mortgage, but a real bona fide sale, with the right of redemption, and that the tender was made too late. As to lesion, the district judge said: "It is contended that the sale is null for lesion beyond moiety. Perhaps this plea would be good if it had not been a sale with the right of redemption. This sale with the right of redemption negatives the presumption that plaintiffs were imposed upon, or were in error as to the value of the property. They knew the value and stipulated for its redemption, gave up possession, and, having failed to offer to redeem within

the stipulated time, the sale cannot be annulled for lesion. Besides, the prayer of the plaintiff does not ask it."

We cannot concur in the opinion of the judge a quo that sales of real estate with the pact of redemption cannot be attacked on the ground of lesion. Such sales pass the title subject to the resolutory condition stipulated. The purchaser is considered as owner. If the right to redeem is not exercised within the time agreed on, the purchaser becomes possessed irrevocably of the thing sold. Civ. Code, art. 2570. The Code declares in express terms that the contract of sale may be canceled by the use of the power of redemption, and by the effect of lesion beyond moiety. Civ. Code, art. 2566. The pact of redemption is an accidental stipulation which does not affect the nature of the contract of sale. Laurent says: "La rescision pour cause de lésion est admise, en règle générale, dans toute vente d'immeubles, même dans la vente avec clause de rachat." Droit Civil Français, tome 24, 425. "Il a été jugé, en effet, que la rescision s'applique à toutes les ventes d'immeubles sans distinction." Fuzier-Herman, Code Civ. Annoté, vol. 4, art. 1674, No. 15. It may be noted that sales of immovables with the pact of redemption are not included in the exceptions set forth in Civ. Code, art. 2594.

We are of opinion that plaintiff's right to bring an action of lesion should have been reserved. We think, with the district judge, that the question of lesion was not raised by the pleadings. Plaintiff's action is based on allegations that the transaction was not a sale, but a mortgage, and the only prayer is for a decree to that effect. The character of an action depends on the prayer for judgment. The prayer for general relief will not authorize a decree inconsistent with the special remedy sought. Winston v. Tufts, 10 La. Ann. 23. Evidence admissible under the pleadings cannot be used for the purpose of enlarging plaintiff's demand or changing the issues.

We concur with the district judge that the transaction was what it purports to be, that is, a sale with the pact of redemption. The counter letter was inartistically drawn, but it bristles with the idea that Wise was to become the absolute owner of the property on the failure of Bonnette to redeem within

the time limited. Possession was delivered at once, and Wise proceeded to act as owner under his title. The mere inadequacy of the price is not sufficient to authorize the court to hold that the parties intended to mortgage and not to sell. The action of lesion is a sufficient remedy in such cases. Bonnette was a physician, and presumably intelligent. He was anxious to sell, and offered the same property to a number of persons for $600 cash. Some of them testified that the offers made to them included the privilege of redemption, and others testified that the offers made to them were without conditions. When two intelligent men reduce agreements to writing, in the absence of allegations and proof of fraud or error, their intention must be sought in the written instruments.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by reserving whatever right plaintiff may have to bring an action of lesion, and, as thus amended, affirmed; defendant and appellee to pay costs of appeal.