Crew, J.
The single inquiry suggested by this record is, can the trial of a criminal cause in this state, be removed from the county in which the offense is alleged to have been committed, to an adjoining county within the state, upon the application of the prosecuting attorney and without the. consent and against the will of the defendant, when it shall be made to appear to the court having jurisdiction of the cause in the county in which the crime was committed, that a fair and impartial trial cannot be had in the latter county.
Section 7263, Revised Statutes of Ohio, provides as follows: “All criminal cases shall be tried in the county where the offense was committed, unless it appear to the court, by affidavits, that a fair and impartial trial can not be had therein; in which case the court shall direct that the person accused be tried in some adjoining county.” This statute, it will be' observed, is general and comprehensive in its terms, and does not, either expressly or by implication, restrict the right to apply for, or to have, a change of venue in a criminal case, to the defendant. But the effect of the language employed in this section, giving to the same its natural import, is to confer such right equally upon the state and the defendant. It must therefore be conceded, that unless this statute is repugnant to, and in conflict with section 10 of article 1 of the constitution of Ohio, that the State equally with the defendant may *158 in a proper case, under favor of its provisions, apply for and have a change of venue in a criminal cause. Article 1, section 10 of the constitution of this state, guarantees to the party accused, “a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed.” Whether, then, section 7263, Eevised Statutes, in so far as it authorizes a change of venue in a criminal case upon the application of the state, is unconstitutional, because in conflict with this provision, must and does necessarily depend upon the nature and extent of the right guaranteed and secured to the accused, by this provision of the constitution. If as contended by counsel for defendant, the words “county” and “district” as employed in this provision, in defining the rights of the accused with respect to the place of trial, are merely synonymous words, and the right therein given and secured to the accused is the absolute, unqualified right to be tried in, and by a jury of, the county where the offense is alleged to have been committed, and if as claimed, a defendant in a criminal case cannot under any circumstances, unless he consent thereto, be tried in a county other than that in which the crime was committed, then clearly, if this be the organic law, the legislature is without authority to abridge or deny such right, and section 7263, in so far as it authorizes and permits a change. of the place of trial upon application of the state, must be held to be unconstitutional and void. If however, within the meaning of this provision of the constitution, the right guaranteed to the accused is not an absolute right to be tried in all cases by a jury of the county in which the offense is alleged to have been committed, but is a qualified right, subject to *159 and conditioned upon the possibility, that a fair and impartial trial can be had in that county, then and in that event, section 7263 although authorizing a change of venue on application of the state, would not for that reason be in conflict with or repugnant to the above provision of section 10 of the constitution. And if constitutional, said statute clearly authorizes the relief asked by relator in his petition, and the demurrer of defendant should be overruled. To give to this provision of the constitution the interpretation suggested by counsel for defendant, and to hold that the right thereby guaranteed to the accused is the right in all cases to be tried in the county of the offense, unless such right be waived by him, is to ignore the plain letter of the provision, and to disregard the familiar and fundamental rule of interpretation which requires that in the construction of a statute or constitution, meaning must, if possible, be given to every part and word. The constitutional guaranty contained in the section now under consideration, is not of a right to be tried in the county, but in “the county or district in which the offense is alleged to have been committed.” That the term “district” as employed in this section, is not synonymous with county, but as used therein by the makers of the constitution was intended to designate and include, a place or jurisdiction other, and distinct from that of the county wherein the offense was committed, is we think too obvious to admit of serious question. Any other interpretation of this section, or at least that claimed for it by counsel for defendant, would not only make the use of the word district superfluous., but wholly divest it of meaning, or appropriate office. In construing this provision of the constitution, this court *160 held in the ease of State ex rel. v. McCarty, Judge, 52 Ohio St., 363, that: “The guaranty contained in section ten of the bill of rights, that an accused person shall have a ‘trial by an impartial jury of the county or district in which the offense is alleged to have been committed,’ does not require that the trial shall take place within the judicial district where the indictment is found.” In the opinion in that case it is said: “There is no constitutional right to a trial in an adjoining county, unless it is implied in the use of the word ‘district’ # * *. The provision of the statute, (sec. 7263), that in the case contemplated the place of trial shall be changed to an adjoining county, is a legislative interpretation of the constitutional guaranty. That interpretation regards the district as the vicinity, * * ” In the case of Hewitt v. The State of Florida, 43 Fla., 194, in which the supreme court of Florida had before it for construction section 11 of the Declaration of Rights in the constitution of that state, which provides: “Sec. 11. In all criminal prosecutions the accused shall have the right to a speedy and public trial, by an impartial jury, in the county where the crime was committed,” the first clause of the syllabus is as follows: “By the common law an accused had the right to be tried in the county in which the offense was alleged to have been committed, where the witnesses were supposed to be accessible, and where he might have the benefit of a good character, if he had established one there, but if an impartial trial could not be had in such county it was the practice to change the venue to some other county where such trial could be obtained;. The right of trial in the county where the offense is alleged to have been committed, when an impar *161 tial jury can there be had, is secured to the accused by section 11, Declaration of Eights, Constitution of 1885, but it is not the design of this provision to force a trial in a county where an impartial jury cannot be obtained, as to do so would defeat the greater and more important right of a speedy trial by an impartial jury.” And it was held in this case that a statute authorizing a change of venue in criminal cases on the application of the state and without the consent of the accused, where an impartial jury could not be secured in the county where the offense was alleged to have been committed, was constitutional. The construction and interpretation adopted by the court in this case finds support in the following authorities: State v. Miller et al., 15 Minn., 344; Barry v. Truax (decided in May, 1904), 99 N. W. Rep., 769; The People v. Peterson, 93 Mich., 27; The People v. Webb, 1 Hill, 179; State v. Wheat, 111 La., 859; The People v. Baker, 3 Abb. Pr., 42; 1 Bishop on Criminal Procedure, sec. 73; Abbott’s Trial Briefs, page 79.
Of the cases cited in the brief of counsel for defendant, those of The State v. Knapp, 40 Kan., 148; Kirk v. State, 1 Coldw., 344; Wheeler v. State, 24 Wis., 52; Ex parte Rivers, 40 Ala., 712; and State v. Hotvard, 31 Vt., 414, do not, we think, support the contention of counsel for defendant in this case, nor are they necessarily in conflict with the authorities above cited. The other two cases cited, People v. Powell, 87 Cal., 348, and Osborn v. State, 24 Ark., 629, seem to be in point, and to fairly support the' claim of. defendant’s counsel, as to the interpretation proper to be given to the constitutional provision under consideration in the present case. But they are we think so far opposed by the better rea *162 son and clear weight of authority, that we xnay not follow them. After careful consideration, and the examination of many authorities in the present case, we are convinced that section 7263, Revised Statutes, to the extent that it authorizes a change of the place of trial on the application of the state, from the county of the offense to an adjoining county, when a fair and impartial trial cannot he had in the former, is not in conflict with article 1, section 10 of the constitution of Ohio. It follows, that the demurrer to the petition must he overruled and a peremptory writ of mandamus awarded commanding the defendant to proceed to hear and determine relator’s application for change of venue, on its merits.

Peremptory writ allowed. .

Davis, O. J., Shauck, Price, Summers and Spear, JJ., concur.