Statement of the Case.
NICHOLLS, J.
The plaintiffs are the widow of William M. Rion, and all of the children of her marriage with said deceased, with the exception of the two defendants, who are her grandchildren, issue of the marriage of her son Daniel Johnson Rion with Annie Cole. The plaintiffs allege that they are the widow in community and children and forced heirs of said William M. Rion; that he died intestate; that on the inventory of his succession there appeared certain real estate (which they described), containing 600 acres, more or less, of which property his succession was the true and lawful owner; that William M. Rion, in order to secure the payment of certain indebtedness, did, by act in the form of a sale with the right to redemption (said right of redemption being in favor of said William M. Rion), transfer said land to H. 0. Drew, which deed is recorded in Book of Conveyances of the Parish of Calcasieu; that, William M. Rion having repaid I-I. C. Drew the amount of said indebtedness, Drew retrans-ferred said land, but, in retransferring it, did (at the instance of said William M. Rion), and in accordance with previous arrangements between William M. Rion and one Daniel Johnson Rion, a son of William M. Rion (issue of his marriage with plaintiff, Eugenia Rion), deed said property to said Daniel Johnson Rion by private act, which deed was passed on or about July 27,1896, and. is recorded in Book 15 of Conveyances of the Parish of Calcasieu, all of which would more fully appear by reference to a certified copy of said deed attached.
That' Daniel Johnson Rion paid nothing for said property; that the repayment of said indebtedness to Drew in order to recover said property was in truth, and in fact paid by William M. Rion; that said land was by said deed from Drew put in the name of Daniel Johnson Rion, at the instance of William M. Rion, simply for the purpose of convenience, and for none other; that Daniel Johnson Rion did not by said deed intend to become the owner of said land, but simply to hold it for his father for said purpose; that at the same time William M. Rion was financially involved; that Daniel Johnson Rion never in reality claimed to be the owner of the same, but held it simply as aforesaid; that said deed from Drew inures to the benefit of the succession of William M, Rion; that it cannot stand as a donation from William Rion to Daniel Johnson Rion, because it is not evidenced by a public act, and furthermore, if permitted to thus stand, will be in violation of the community rights of said Eugenia Rion and of the rights of the remainder of petitioners, as forced heirs of said William M. Rion, and, besides, it was never intended that it should thus operate; that said Daniel Johnson Rion always recognized that said land belonged to his father, and then to his father’s estate, and *653 it has been so recognized by the family generally.
That Daniel Johnson Rion died after the death of his said father, and without deeding said land to his father’s estate or to his father’s widow or heirs, leaving matters in statu quo; that said Daniel Johnson Rion at the time of his death left a wife (Annie Cole), in community with him, and who was his wife at the time of the making of said deed from Drew to him, the said Daniel Johnson Rion; that Daniel Johnson Rion at the time of his death left three children, Zena Rion, Allen Johnson Rion, and Nellie Rion; that Zena Rion had since died, and while still a child; that said Allen Johnson Rion and said Nellie Rion were still minors; that said Annie Cole, the widow of Daniel Johnson Rion, had since married, being now the wife of Will Reeves; that said Allen Johnson Rion and Nellie Rion have no tutor nor undertutor, nor have they ever had a tutor or undertutor, but have always been unrepresented ; that they together, with their mother and their said stepfather, are residents of the parish of Calcasieu; that a curator ad hoc should be appointed to represent them; that said land should be recognized as belonging to the estate of William M. Rion; that the fact that the title to the same stands of record in the name of Daniel Johnson Rion operates as a cloud upon the title of the succession of William M. Rion to the same, and that said cloud should'be removed; that said land is worth $6,200.
In view of the premises, they prayed that a curator ad hoe be appointed to represent said minors; that said curator ad hoc, as the representative of said minors and Annie Reeves, be cited; that her said- husband Will Reeves, be also cited for the purpose of authorizing his said wife to defend the suit and to stand in judgment; that petitioners do have and recover judgment against said curator ad hoc as the representative of said minors, and against said minors themselves, and against Mrs. Annie Reeves, recognizing and decreeing that said deed from said II. C. Drew inured to the benefit of the succession of said William M. Rion, and not to' said Daniel Johnson Rion; that said Daniel Johnson Rion was a person interposed and paid nothing therefor, but that William' M. Rion did, and that said land belongs tó the succession of said William M. Rion. And petitioners further prayed for all further orders and decrees necessary, and for general relief.
The court appointed E. E. Gayle curator ad hoc to represent said minors. The curator accepted the appointment. He filed an answer pleading the general issue. Mrs. Annie Cole, widow of Daniel Rion (then Mrs. Reeves), also answered, pleading a general denial.
The following judgment (with reasons assigned) was rendered by the district court:
“Finding that said deed was given simply as security, and was, in effect, a mortgage, -and that said William M. Rion repaid said Drew the money necessary to free said property of said instrument, but. that said Drew, at the instance of said William M. Rion, in redeeding said property back, redeeded it for convenience to said D. J. Rion, who paid nothing for the same, which last-named deed operates to the injury of plaintiffs herein, the widow in community and forced heirs of Said William M. Rion, deceased, and the law and the evidence being in favor of plaintiffs and against defendants, it is by reason of. all of which ordered, adjudged, and decreed that plaintiffs, Mrs. Eugenia Rion, Joseph R. Rion, Benjamin F. Rion, John A. Rion, Charles R. .Rion, Eva Bell Spears, and Winnie Louisia Oarradine, do have and recover judgment against defendants E. F. Gayle, Esquire, as curator ad hoc of said minors, Allen Johnson Rion and Nellie Rion, and against said minors themselves, and against Mrs. Annie Reeves, recognizing said succession of William M. Rion, as the owner of said real estate described in the petition herein and hereinafter set out, and that said deed .from said Drew to said D. J. Rion inured to the benefit of said succession of W. M. Rion; that said D. J. Rion paid nothing on the same, but said William M. Rion did, which land is described.”
Defendants have appealed.
Opinion.
The position taken by the plaintiffs is that the act sous seing privé from Drew to *655 Daniel Johnson of the property therein transferred to the latter (apparently one of sale) did not create a new contract, but was in fact an act setting aside a former act, and extinguishing a debt for which that property stood secured by a mortgage given in the form of a “sale with power of redemption”; that the act from Drew to Daniel Johnson Rion, and a former one from William M, Rion (Daniel Johnson Rion’s father) to Drew, must therefore be read together as one single transaction, of which each of the two acts mentioned is a part; that Drew never held the ownership of the property, and that the rules of evidence concerning the ownership of real estate and the transfer of the same from one person to another have no application to this case; that they have the right to show by the means and through evidence recognized by the Supreme Court of this state, as proper and admissible for that purpose, that Drew’s status in respect to the property, whose legal title William M. Rion had placed in his name was that of a creditor, not an owner.
Proceeding on that theory, plaintiffs were properly permitted to establish the true character of the act from Wm. M. Rion to Drew, as being really of security for a debt due by Rion to Drew, and not one of sale. It was shown that the sum of $450, the price declared in the act to Drew to be the price of the property transferred to him, was greatly below the value of the property; that Drew never took possession of it or exercised any rights of ownership over it (but the nominal vendor did); that the taxes were not paid by him; that he did not have the act recorded; and that Drew, when questioned touching his •ownership of the property, with a view of making him a witness, declared that he had no recollection at all of the transaction. We think that the .conclusion reached by the district court that the act from William M. Rion to H. 0. Drew was really one of security to the latter for a loan made by him to Rion was correct, and that the object of the second act was to evidence the fact that he had been paid the debt for which the property was mortgaged to him, and to take the legal title out of his name. Where acts of mortgage have been made by the parties to take the form of a “sale with powers of redemption,” it is a very common practice, and the most simple and convenient way of restoring matters to their real situation by an act placing the legal title back in the name of the borrower. We think this was done in this instance by the consent of both parties. Marbury v. Colbert, 105 La. 467, 29 South. 871; Howe, Executor, v. Powell, 40 La. Ann. 309, 4 South. 450; Lawler v. Cosgrove, 39 La. Ann. 488, 2 South. 34; Davis v. Citizens’ Bank, 39 La. Ann. 523, 2 South. 401; Jackson v. Lemle, 35 La. Ann. 855. When Drew received payment of his debt, it was a matter of indifference to him as to the party in whose name the actual owner wished the legal title to be placed. The evidence shows that the legal title was placed by Drew, at the instance of William M. Rion, in the name of his son Daniel Johnson Rion, by and with the latter’s consent. The evidence shows why this was done. The father was in embarrassed circumstances at the time; his creditors were about to proceed legally against him; and with a view of escaping from the effect of those proceedings, shielding his property from pursuit and seizure, the second act was made to take the form it did. There can be no doubt as to this under the evidence. The purpose and object of the second act was disclosed and discussed at an interview held between Wm. M. Rion, his son, Daniel Johnson Rion, and Mr. Shattuck, the brother-in-law of the first-named party, which interview was solicited by the two Rions for the purpose of obtaining Shattuck’s advice as to whether this could be successfully accomplished. The latter advised against the course, but the two Rions none the less carried it out. They were at the time of this *657 interview on their way to meet Mr. Drew. There was other evidence bearing on the same subject, and if further evidence was needed it was furnished by the conduct of Daniel Johnson Bion after the act was passed.
Matters after this conveyance continued, as to possession and control of this property, as they had before; he exercised no acts of ownership over it, and there is reason to believe that this litigation would never have arisen had he not been killed a short time thereafter, leaving a widow and two minor children. Out of the necessity of having recourse to legal proceedings to settle the rights of these two children seems to have sprung' the idea of bringing this suit. The right to attack and set aside simulated sales executed by their father (even beyond their legitime) is expressly conferred upon forced heirs by article 2289 of the Civil Code, as amended ■by Act No. 5, p. 12, of 1884.
Defendants contend that forced heirs have no right under that statute to have recourse to parol testimony for the purpose of “bringing” title to real property in the ancestor; that such evidence is not admissible for the purpose of showing that a third person was interposed to receive or be invested with the title to real estate for the use of, instead of the intended vendee; that Drew’s title, originating in a sale with a power of redemption, had become absolute when he transferred the property to Johnson Bion, by reason of the fact that William M. Bion had failed to exercise his right of redemption within the time fixed. The weak point of defendant’s argument is in assuming as a fact that Drew’s title was at the beginning a sale made to him by William M. Bion, with a right of redemption which became afterwards an absolute sale by reason of William M. Bion’s failure to redeem. As we have stated, Drew never held title of that character; his position from the beginning of his connection with the property up to the time that he transferred it to Johnson Bion was that of a mortgagee. That title did not, and could not, ripen into one of ownership by failure to redeem. It remained, as it commenced, always a mortgage. Once a mortgage, always a mortgage. But were it otherwise, Drew had the right to waive his right to a forfeiture, as it was a matter in his own interest.
Plaintiffs do not attack Drew’s title as a simulation; they recognize that the contract between him and Wm. M. Bion was real. What was done in this case was to make the form which the contract between them had taken conform to the actual facts. This the plaintiffs had a right to do, and to show that that contract had accomplished its purpose, and matters as between Drew and Wm. M. Bion had been brought back to their original position by execution of the same, by payment thereunder. Having shown this, they had the right to show then by parol evidence that the second act from Drew to Johnson Bion was in point of fact an act from Wm. M. Bion to his son Johnson, and that that second act was a simulation, in so far as Johnson Bion was made to appear as Drew’s vendee; that the object of this suit is not to place the ownership of property which had been in Drew into the ownership of Wm. M. Bion for the first time, but to place back in Wm. M. Bion the legal title to property, the ownership of which he had always retained (and of which he had never divested himself), out of his son, who, holding that title, had in reality no ownership in the property. The facts in Westmore v. Harz, 111 La. 305, 35 South. 578, and Wells v. Wells, 116 La. 1065, 41 South. 316, differ from those in the present case.
Defendants contend that plaintiffs’ petition is in form and effect an action en declaration de simulation, in which the act from H. O. Drew is sought to be declared a simulation, and that no attack is made upon the act from Wm. M. Bion to Drew; that there is no al *659 legation in the petition that the act from Rion to Drew was a mortgage, or other than what it appeared upon its face — a sale. We think the allegations of the petition sufficiently show the purpose and object of the suit and the grounds upon which judgment is asked. Defendants urge for the first time in argument in this court that H. C. Drew was a necessary party to the suit, but we do not think he was. If defendants thought it was necessary for the protection of any interests they had in the suit, they should have prayed that he be made a party. C. C. 2517, 2518; Hoffmann v. Ackermann, 110 La. 1074, 85 South. 293.
We are of the opinion that the judgment appealed from -is correct, and it is hereby af> firmed.