174 So. 89

**BELL v. LEIENDECKER.**

No. 34212.

March 29, 1937.

J. B. Herold, of Shreveport, for relatrix.

Barksdale, Bullock, Warren, Clark & VanHook, of Shreveport, for respondent.

PONDER, Justice.

This case comes to us on a writ of certiorari and review from the Second Circuit Court of Appeal wherein they amended and affirmed a judgment rendered by the First judicial district court, parish of Caddo, sustaining an exception of no cause of action and dismissing plaintiff's suit.

The plaintiff, desiring to build a dwelling house on a certain lot owned by her,

2

made a deed, August 14, 1935, of the property to J. A. Leiendecker for the sum of $90 cash. Leiendecker, the defendant, executed an instrument in favor of the plaintiff wherein he agreed to furnish all labor and erect the house on the lot for the sum of $1,341.43, this instrument being made before the same notary on the same date as that of the deed. The instrument provides that the property be conveyed back to the plaintiff upon paying the defendant the amount by him expended, which was payable at the rate of 8 per cent. interest on the unpaid balance, and also contained certain stipulations as to taxes and insurance.

The instruments were recorded in the conveyance records of the parish of Caddo and a certified copy of each is attached to plaintiff's petition.

The plaintiff seeks judgment against the defendant decreeing: (1) That the execution of the two instruments constitute one contract evidencing a loan by the said Leiendecker to plaintiff for the building of the house; (2) that Leiendecker is not the owner of the property, and that the purported act of sale from petitioner to him only constitutes a mortgage or other form of pignorative contract; (3) and for the sum of $200 as attorney's fees incurred by her in prosecuting this suit.

Defendant, in his answer, excepted to plaintiff's petition as disclosing no cause of action; asks in reconvention that he be decreed the owner of the lot and improvements; that the contract be canceled; and that plaintiff be ejected from the property.

During the trial of the case, the district judge refused to permit the plaintiff to introduce parol evidence, to change or alter the terms and conditions of the written instruments on the ground that proper allegation of fraud and error were not set out in plaintiff's petition. The plaintiff being unable to produce written or documentary evidence to show an agreement different from that contained in the two instruments, the court at the conclusion of the trial rendered judgment sustaining the exception of no cause of action dismissing plaintiff's suit and rendered judgment on defendant's reconventional demand recognizing defendant as the owner of the lot, with the building and improvements thereon, subject to the building contract, and dismissing defendant's other reconventional demands as of nonsuit.

Plaintiff appealed to the Court of Appeal, Second Circuit. The Court of Appeal amended the judgment of the lower court by rejecting all of the reconventional demands and, as thus amended, affirmed the judgment of the lower court, from which judgment plaintiff applied to this court for writs of certiorari and review, which were granted.

Both the lower court and the Court of Appeal sustained the exception of no cause of action on the ground that the parol evidence was not admissible in the absence of allegations of fraud and error.

Upon examination of plaintiff's petition, we find alleged therein that she is the owner and entitled to the possession of the lot; that she entered into negotiations with the defendant to borrow $1,341.43 for the

purpose of improving the lot; that she entered into an agreement with the defendant for the said loan and was told by the defendant that the proper method of evidencing the mortgage was a simultaneous execution of a cash deed and an instrument by the defendant obligating himself to make the improvements for a stated price; that the sum advanced by the defendant should be paid by her; that she is a negro woman without education and the defendant is an experienced business man in whom she placed implicit trust; that relying upon the representation of the defendant she signed the said instruments, both of which are duly recorded; that the said instruments were executed as one contract for the purpose of evidencing a loan; that to hold that instrument purporting to be a sale, was a sale and a conveyance of her property, would constitute a fraud upon her; that defendant now claims ownership of the property and is attempting to evict her; and that petitioner is living on the property which is her home. In the prayer of the petition she asks for judgment declaring the two instruments to be one contract; that defendant is not the owner of the property; that the purported act constitutes a mortgage or other form of pignorative contract; and for $200 attorney's fees.

This is an action to have an alleged sale of land with a counter instrument containing a right of redemption declared a pignorative contract.

The law applicable to this case is laid down in the case of Latiolais v. Breaux, 154 La. 1006, 98 So. 620, 621, viz.:

"The leading case on the subject is Marbury v. Colbert, 105 La. 467, 29 So. 871. That case lays down the rule that—

" 'Redeemable sales of immovable property, unaccompanied by delivery of the thing sold, will be considered, as between the parties, in the absence of evidence to the contrary, as mere contracts of security, and the vendee out of possession may take this position equally with the vendor.'

"It was further laid down that in order to constitute a real sale the vendee must not only take actual possession, but must also have given 'reasonably adequate consideration.'

"In his dissenting opinion Mr. Justice Provosty ([105 La. 470] 29 So. 872) reviews all the authorities up to that time, and points out that until then parol evidence had never been admitted (over objection urged) to vary, as between the parties, the express terms of the written agreement, or to affect the title to the real estate. But the rule was none the less laid down as above, and has been adhered to ever since.

"In Butler v. Marston, 145 La. 41, 81 So. 749, it was pointed out that—

" 'Except as throwing light on what was probably the intention of the contracting parties, inadequacy of price is no more injurious to a redemption sale than to an out and out sale.'

"In Bonnette v. Wise, 111 La. 855, 35 So. 953, it was held that where the purchaser went into actual possession, mere inadequacy of price would not alone suffice to convert a redeemable sale into a simple contract of security, and that—

" 'The remedy, where the price paid is less than one-half of the value of the immovable estate sold, is by action of lesion.'

"In Bagley v. Bourque, 107 La. 395, 31 So. 860, it was held essential in order to state a cause of action (to have a redemption sale declared a mere contract of security) that plaintiff should allege that the purchaser never took actual possession.

"Hence the one test by which to determine whether a contract evidences a real sale with right of redemption, or a mere contract of security, has ever since been whether the purchaser has gone into actual possession. See Caldwell v. Trezevant, 111 La. 410, 35 So. 619; Bonnette v. Wise, 111 La. 855, 35 So. 953; Leger v. Leger, 118 La. 322, 42 So. 951; Eames v. Woodson, 120 La. 1031, 46 So. 13; Rion v. Reeves, 122 La. 650, 48 So. 138; Butler v. Marston, 145 La. 41, 81 So. 749.

"We think the rule, as thus stated, and as adhered to by this court, is sound in law, simple of comprehension, and easy of application. It avoids the necessity of attempting to reconcile the always conflicting testimony of the parties, where perchance each may be telling the truth as to his own intentions; and thus leaves the contract to be interpreted by facts readily proved and in accordance with the well-settled rule of law that a contract is to be interpreted according to the manner in which the parties themselves have executed it. C. C. art. 1956."

We find that in the case of First National Bank of Atlanta v. Thomas et al. 172 La. 772, 779, 135 So. 235, 237, on rehearing, this court affirmed the doctrine laid down in Latiolais v. Breaux, citing the same authorities cited therein.

In view of the above decisions, the lower court erred in rejecting the parol evidence offered in this case and in sustaining the exception of no cause of action. The Court of Appeal erred in affirming the judgment of the lower court.

Therefore, we conclude that in an action to declare certain documents a pignorative contract parol evidence is admissible and allegations of fraud and error are not essential.

It is ordered, adjudged, and decreed that the judgment of the district court and the Court of Appeal sustaining the exception of no cause of action be reversed, that the exception of no cause of action be overruled and this case be remanded to the district court to be tried consistently with the views herein expressed.

The defendant to pay the cost of these proceedings in the Court of Appeal and this court, all other costs to await final disposition of the case.

O'NIELL, C. J., and ROGERS, J., concur in the decree.