**BELL v. LEIENDECKER.**

No. 5662.

Court of Appeal of Louisiana. Second Circuit.

April 1, 1938.

J. B. Herold, of Shreveport, for appellant.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellee.

HAMITER, Judge.

A deed reciting the cash consideration of $90, and affecting lot 9 of the Lieb subdivision in Shreveport, was executed by plaintiff in favor of defendant on August 14, 1935. On that same date the mentioned parties entered into a written contract under which defendant agreed to construct a house on said lot and convey the improved property to plaintiff for $1,-341.43, payable $15 per month, plus 8 per cent. per annum interest on the unpaid balance, the deed to be provided upon completion of the payments. Plaintiff contracted to pay all taxes and insurance on the property. The instrument further stated that the entire purchase price would mature upon failure to pay any three installments, or the interest, taxes, or insurance when due.

On January 9, 1936, plaintiff instituted this suit praying that the aforedescribed deed and contract be decreed to constitute a mortgage or other form of pignorative contract evidencing a loan made by defendant to her, and that she have judgment for $200 as attorney's fees for the bringing and prosecution of this proceeding.

Defendant excepted to the petition as disclosing no cause of action. In his answer he prayed to be decreed the owner of the lot and improvements, and in the alternative, and in the event it be held that the deed was given as security for a debt, that he have judgment in reconvention against plaintiff for the agreed price of the improved property, with interest, and for taxes and other charges paid by him, and that the property be seized and sold to satisfy the debt.

During the trial of the case, the district judge excluded parol evidence offered by plaintiff to show the nature of the transaction in question, and at the conclusion of such trial he sustained the exception of no cause of action and dismissed the suit.

On appeal to this court the judgment sustaining the aforementioned exception was affirmed. 170 So. 386.

A writ of certiorari was then issued by the Supreme Court directed to us. After consideration of the case it reversed our judgment and that of the district court, overruled the exception of no cause of action, held that the proffered parol evidence was improperly excluded, and remanded the case to the trial court for further proceedings. 187 La. 1, 174 So. 89.

A second trial was then had, and there was judgment decreeing that the deed and building contract executed by the parties on August 14, 1935, constituted a mortgage, and ordering defendant to pay the costs of the main demand. There was also judgment on the reconventional demand in favor of J. A. Leiendecker, defendant, and against Mollie Robinson Bell, plaintiff, in the sum of $1,341.43, with 8 per cent. per annum interest from December 1, 1935, until paid, and "in the further sum of Forty and 62/100 ($40.62) Dollars, with five per cent. per annum interest from October 1, 1935, until paid, with recognition of defendant's mortgage on said Lot 9 of the Leib Subdivision of the City of Shreveport, Louisiana, together with all buildings and improvements thereon, and ordering that said property be seized and sold at public auction, with benefit of appraisement, and that out of the proceeds of said sale defendant be paid, by privilege, preference and priority over all other persons, the amount of this judgment, with interest and costs, plaintiff to pay all costs of the reconventional demand."

The court further decreed that the demands of the parties otherwise be rejected.

This appeal was prosecuted by plaintiff.

The evidence adduced on the last trial of the case conclusively shows that plaintiff executed the deed to defendant to secure payment of the price of the constructed dwelling. Defendant himself states that the conveyance act was given as "guarantee of payment," and that he had no intention of holding the property or depriving plaintiff of it. Accordingly, the instruments under consideration were properly declared by the trial judge to constitute a mortgage.

It is also our opinion that the judgment on the reconventional demand is correct. As before stated, plaintiff agreed to pay the building contract price of $1,341.43 in installments of $15 per month, plus interest, and also to pay the taxes and insurance on the property; and the contract further stipulated a maturing of the entire indebtedness on plaintiff's failure to make the required payments. Plaintiff moved into the premises in January of 1936, and lived there continuously until the date of the last trial which was June 24, 1937. During that period she not only paid none of the taxes or insurance that became due on the property, but also she made no payments whatever on the agreed construction price. The amount of $1,341.43 recited in the judgment represented the house indebtedness, while the item of $40.62 was for taxes, insurance, and the cost of canceling a pre-existing mortgage on the lot, all of which were paid by defendant.

 Appellant complains of the rejection of her claim for attorney's fees for instituting this suit. We think that the trial judge did not err in this respect. Attorney's fees, as damages, are not ordinarily allowed (Meraux & Nunez v. Gaidry, 171 La. 852, 132 So. 401), and there appears no good reason why this controversy should be excepted from that general rule.

Accordingly, and for the foregoing reasons, the judgment appealed from is affirmed.