Lester vs. Sheriff et al.

## No. 11,429.

## MRS. ADA LESTER VS. A. W. CONNELLY, SHERIFF, ET AL.

When a married woman, separate in property, sells by authentic act her paraphernal property, although the sale is a disguised mortgage for the benefit of the husband, yet if the notes given for the purchase price fall into the hands of innocent third parties, the vendor's lien and special mortgage securing the notes will be enforced.

There is no distinction in principle, between the holder of notes given for the purchase price of the property, and the purchase of such property, as the reliance of both of the note holder and purchaser is upon the public record. When that discloses an unimpeachable title, the protection of the law is afforded as against unknown and latent defects· Schepp vs. Smith, 35 An. 6.

The mortgage accompanies the negotiable note which it secures, in its transfer to an innocent holder. The secret equities between the original parties can not affect his title to the sale, or impair its validity or that of the mortgage.

APPEAL from the Eighteenth District Court, Parish of Terrebonne. *Caillouet, J.*

---

### L. F. *Suthon* Attorney for Plaintiff and Appellee:

A married woman can not bind herself for her husband's debt. C. C. 2398.

Courts will look through all disguises to protect the property of married women, and will find out the real nature of the contract. 12 An. 852; 33 An. 1008; 34 An. 822.

The law prohibiting a wife from binding herself for her husband's debts is a law of public order, and whatever is done in contravention thereof is tainted with absolute nullity. C. C., Arts. 11 and 12; 14 An. 169; 9 La. 589.

A mortgage may be put in the form of a sale. The conveyance does not vest the ownership in the apparent buyer. 31 An. 348; 38 An. 154.

The doctrine of estoppel, as ordinarily understood, does not apply to married women. 2 An. 756; 33 An. 1010; 34 An. 632; 45 An. 373.

Where a married woman has been guilty of no actual fraud or deception, but has been a mere passive agent under the coercive influence of the husband, she will be protected. 14 An. 169; 42 An. 950.

The marital influence is presumed, and the wife's testimony, as to its exercise, will be corroborated, when it is shown she has received no benefit. 2 An. 756; 45 An. 373.

The law relating to innocent third holders of negotiable paper is not of universal and unlimited application, but is subject to well defined exceptions, among which are:

1. Cases where the legality of a transaction depends not on the nature of the consideration, but on the capacity of the party to contract the obligation. 5 N. S. 55; 5 An. 495.

2. Where the instrument was given for a consideration which by statute is declared void, the original taint follows it, and it is void in the hands of every holder, however innocent. State vs. Maurice J. Hart, 46 An. 40.

3. The *lex mercatoria* is not paramount, but is limited and modified by the constitutional and statutory provisions of every sovereignty where it prevails. Smith's Mercantile Law, Sec. 248, notes; 21 An. 567-635.

While, therefore, the notes given in this transaction may be valid against the maker as mere commercial instruments, yet the sale and mortgage, out of which they grew, are utterly null and void, and the mortgage and vendor's privilege can not be enforced.

Mortgages in a case like this are subject to equities. 28 An. 855; 8 R 435; 14 An. 587; 31 An. 684; 33 An. 870; 45 An. 75.

The paraph *"Ne varietur"* is sufficient to put a party on guard. 26 An. 375; 39 An. 732.

The transaction of sale being with a married woman is sufficient to put a party on guard. 29 An. 123.

The continued possession of the vendor is also a circumstance sufficient to put a third party on inquiry. 44 An. 880; Broussard vs. Broussard, 45 An. 1085.

---

*Beattie & Beattie* and *Andrew H. Wilson* Attorneys for S. Pfeifer & Co., Appellants:

The purchaser of negotiable notes, acquired before maturity in the open market for valuable consideration, is not subject to any equities between the original parties. Notes secured by lien and mortgage pass with all the securities thereto attached. An innocent third party acquiring such notes can not be attacked by the mortgagor or mortgagee.

An authentic act of sale, complete on its face and duly registered, made by persons capable in law of contracting, and upon the face of which there is nothing to give rise to any suspicion of its correctness and honesty, can not be attacked, particularly by parol or by a party thereto. In no event could such an attack be allowed against an innocent purchaser, or one acquiring valuable rights thereunder.

When a married woman sells her property, in the solemn form of authentic act, complete in every particular, she is bound thereby, and can not set up against an innocent third party, who has acquired valuable rights under said sale, any equity that would tend to destroy such rights.

---

The opinion of the court was delivered by

MCENERY, J.  The plaintiff, wife of Felix Bascle, is separate in property from her husband and authorized to administer her own affairs separate and apart from her husband.

Felix Bascle, the husband, was a merchant in the town of Houma, and indebted to Levis Brothers, in the city of New Orleans. He was embarrassed and unable, without security, to obtain further assistance from said firm. In 1891 Mrs. Bascle, duly authorized by her husband, sold her separate property, a house and lot in the town of Houma, to one Leveque, the book-keeper of said firm.

The price and consideration of the sale was $1700, $200 cash, and the balance of the purchase price was represented by Leveque's three notes, secured by vendor's privilege and special mortgage, payable to his own order and by him endorsed, each for $500, at six, twelve and eighteen months. The notes were paraphed by the notary to identify them with the act of sale.

In 1892, before maturity, these three notes were transferred as collateral security to the commercial firm of S. Pfeifer & Co., of the city of New Orleans, by Levis & Brother, who received them from Leveque.

Pfeifer & Co., after the maturity of the second note, brought suit to enforce the payment of the two that were due against Leveque, the vendee of Mrs. Bascle, who in February, 1893, confessed judgment in their favor in the sum of $1000 and interest, with recognition of vendor's privilege and mortgage on the property as stipulated in the act of sale and mortgage.

An execution issued on this judgment and the property mortgaged in the town of Houma was seized by the sheriff.

On the petition of Mrs. Bascle, the vendor of the property to Leveque, an injunction issued directed to the sheriff and plaintiffs in execution, restraining the sale.

The petition for the writ of injunction alleges that Bascle, the husband, was indebted to Levis Brothers in the sum of three hundred dollars; that said firm refused to advance to him without security, whereupon her husband, having no security to offer, appealed to his wife to place a mortgage on her property in order to enable him to continue his business; that she refused to mortgage said property, and that the husband, using his marital influence and power over petitioner, compelled her assent to mortgage said property for the purposes stated; that said sale was a sham and pretence, and that Leveque was an interposed party in the interest of Levis Brothers, to whom the property was mortgaged solely for the debts of the husband; that she never had possession of the notes given for the purchase price, and that they were delivered immediately by the notary to Levis Brothers. She never knew until the seizure what became of the notes. That since said pretended sale she has exercised dominion and control over the property, and has remained in undisputed possession of the same, and that she has paid all taxes on the property.

She alleges that the plaintiffs in execution are not innocent third parties. The prayer is the usual one for judgment in such cases.

The defendants in injunction answered, alleging that they were the lawful holders of said notes, acquired in good faith before maturity for a valuable consideration. They ask judgment for twenty per cent. on the amount of the judgment enjoined, and ten per cent. interest on the judgment, and damages for attorney fees incurred in the defence of said injunction. ·

There was judgment for plaintiff and defendants appealed.

It will be unnecessary to discuss the issues presented by the evidence in the record to show that Mrs. Bascle conducted the business in her own name, and the proceeds of the notes, less the amount due Levis Brothers by the husband, placed to her individual credit, and that goods were furnished her on this amount credited to her.

The sale of the property to Leveque, who was an interposed party for Levis Brothers, is shown by the evidence to have been in fact a mortgage for the purpose of appropriating the proceeds for an indebtedness due by the husband to this firm, and as security for other advances.

As between the parties to such an act, and those who should acquire the property or the notes, with notice and knowledge of the true character of the transaction, the act of mortgage, disguised as a sale, would undoubtedly be declared null and void. Civil Code, 2398, 126, 127, 128; Parmer vs. Mangham, 31 An. 348; Crozier vs. Ragan, 38 An. 154, and Bisland vs. Provosty, 14 An. 169.

In order to protect the wife, she is authorized to show the real motive of the contract, or transaction, and is not estopped by her declarations in the act. Vicknair vs. Trosclair, 45 An. 373; McIntosh vs. Smith, 2 An. 756; Chaffe, Bro. & Son vs. Oliver, 33 An. 1010; Harang vs. Blanc, 34 An. 632.

In the disguised contract, if it be one, the wife separate in property had the legal right to enter into, third parties without notice are protected. Justice imperatively demands the maintenance of this doctrine. Chaffe, Bro. & Son vs. Oliver, Administrator, 33 An. 1010; Schepp vs. Smith, 35 An. 1; Succession of Forstall, 39 An. 1052; Bank vs. Flathers, 45 An. 75; Vicknair vs. Trosclair, 45 An. 373.

If a party had purchased the property on the apparent validity of the title placed on record by the plaintiff, without knowledge of the

real character of the transaction, his title would be protected against the demand of the wife. Broussard vs. Broussard, 45 An. 1085.

There can be no difference in principle, between the holder and owner of the notes given for the purchase price, and the purchaser of the property, as the reliance of the purchaser of the notes and of the property, is upon the record. When that discloses an unimpeachable title he receives the protection of the law, as against unknown and latent defects. Schepp vs. Smith, 35 An. 1; Broussard vs. Broussard, 45 An. 1085.

In Broussard vs. Broussard, referred to, we said that " whatever the secret equities between a vendor and vendee, and whatever their rights between themselves, the former, who has placed upon the public records a title valid on its face, can not urge such equities against a *bona fide* purchaser for value from the vendee, who acted on the faith of such recorded title. This principle applies to married women who, in the exercise of powers conferred by law, have executed apparently valid sales of their paraphernal property."

The law authorizes the wife to sell her paraphernal property and to dispose of the proceeds as she may deem fit. Civil Code 2390; Courtney vs. Davidson, 6 An. 456; Morrow vs. Godchaux, 41 An. 716.

The defendants acquired the notes in suit, paraphed by the notary to identify them with the act of sale retaining the vendor's privilege and special mortgage to secure the same. The mortgage with all its force and vitality accompanies the note in its transfer to an innocent holder. Carpenter vs. Allen, 16 An. 435; Schepp vs. Smith, 35 An. 1; Bank vs. Flathers, 45 An. 75.

The paraph required the holder to look to the registry of the act with which the notes were identified, which has for its object the protection of third parties. This registry of the act of sale executed by Mrs. Bascle informed the defendants that she, a married woman, separate in property from her husband, with his authorization, had sold to one Leveque her paraphernal property, part for cash and the balance on terms of credit, evidenced by the notes in his possession and ownership. There was nothing in the act to put them upon inquiry, or which remotely suggested that the sale was in fact a mortgage executed for the purpose of raising money for the husband's benefit. There was no duty imposed upon them to inquire into what disposition she made of the proceeds of the sale.

The facts mainly relied upon by plaintiff to show that the defendants were not innocent holders of the notes are that the defendants knew that Leveque owned no visible property and would not without collateral security have been credited by defendants; and the continued possession of the property by the vendor, Mrs. Bascle.

Leveque owned no visible property, and may not have had on this account credit in commercial circles. But he was a man of business, a book-keeper in the employ of Levis Brothers, and it is not at all improbable that he may have had sufficient means to purchase the property on the terms and conditions in the act of sale. The fact, therefore, that Leveque was not the owner of visible property, by itself, is not sufficient to charge the defendants with the knowledge that he was an interposed party for the benefit of Levis Brothers, and that the real transaction was intended to be a mortgage and not a *bona fide* sale.

But a party may be interposed for convenience, and the sale a valid one. There may be in such a case a real price and consideration paid by the actual vendee. The defendants may have known that Leveque was an interposed vendee, and that Levis Brothers were the real purchasers, but this would not in our opinion be sufficient to charge them with the secret intentions of the parties to the original act of sale. It was sufficient for the protection of defendants that they found on record a sale apparently valid on its face, sufficient to induce third parties to purchase. Schepp vs. Smith, 35 An. 1; Bank vs. Flathers, 45 An. 75.

If the defendants had notice beyond this, actual or constructive, it must be shown in order to prevent recovery.

The delivery of the property accompanied the public act of sale. Fleckner vs. Grieve, 4 Martin, 694; Laurans vs. Garnier, 10 Robinson, 425; Ellis vs. Provost, 13 La. 235; Flynn vs. Moore, 4 An. 400; Peterkin vs. Oglesby, 30 An. 907; Civil Code 2479.

The continued possession of the vendor, Mrs. Bascle, can not avail her in her demand to have the sale annulled. The sale on this account can only be attacked when third persons have acquired an interest in the property, or the rights of the creditors in the same are asserted.

In such an event, when there is reason to presume that the sale is simulated, its reality must be shown by the parties. Civil Code 2480.

The exception to this rule is when the wife attempts to show the real character of the transaction entered into by which she binds herself for her husband. As in the instant case, between her and the original parties to the act of sale, she would be permitted to prove that she remained in possession of the property to show that the sale was a disguised mortgage.

This she has shown, but has failed to prove that the defendants had any knowledge of the transaction. They are innocent third parties, and as to them the public act of sale placed upon record by the plaintiff must be taken according to its recitals.

As to these parties no question of simulation is at issue between them and plaintiff.

The evidence shows that whatever may have been the intentions of Levis Brothers and Mrs. Bascle as to the sale of the property, and whatever disposition may have been made of the proceeds of the sale, the defendants are the legal holders of the notes in good faith, and without notice of the equities between the parties to the act of sale.

The threats and marital influence alleged to have been exerted by plaintiff's husband are not proved.

Had they been proved, the fact would not assist the plaintiff, as the defendants are innocent holders of the notes. Blanchard vs. Castillo, 19 La. 362.

From the facts and circumstances of this case, we are not disposed to assess general damages.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that it is now ordered that plaintiff's demand be rejected and the injunction dissolved at plaintiff's cost. It is further ordered and decreed that the defendants do have and recover judgment against the plaintiff and the sureties on the injunction bond *in solido* for ten per cent. interest *per annum* on the amount of the judgment enjoined, and special damages for attorney's fees in the sum of one hundred dollars.

Rehearing refused.