No. 14,235.

John J. Bagley vs. Ophelias Bourque.

## Syllabus.

Where an act, purporting to be a sale of real estate, and a counter letter confirmatory of said act and according to the vendor the right to redeem the property within a time fixed, are annexed to, and made part of, a petition in which it is alleged that the transaction was intended merely to secure a loan, and it is not alleged that the money necessary to redeem the property was paid or tendered within the time allowed, or that the property was worth less at the date of the transaction than the amount received by the vendor, or that the vendor remained in possession, an exception of no cause of action is properly sustained to a demand that the vendor be decreed the owner of the property and restored to possession on payment of the amount received by him with interest.

A PPEAL from the seventeenth judicial district, parish of Vermilion.—*Gordy, Jr., J.*

*Joseph O. Daspit* and *Clegg & Quintero,* for plaintiff and appellant.

*Broussard, Kitchell & Bailey,* for defendant, appellee.

The opinion of the court was delivered by

Monroe, J. This is an appeal from a judgment dismissing plaintiff's suit on an exception of no cause of action.

The allegations of the petition are, substantially, as follows, to-wit: That on September 7th, 1897, Mrs. Elizabeth Cluney wife of Martin Bagley, in order to secure the payment by her of the sum of $1000, conveyed to the Abbeville Building and L oan Association, Limited, four lots of ground in the town of Abbeville, and, for the same purpose, certain shares of stock in said company, to which she had subscribed, were pledged, but that said conveyance was intended by the parties thereto to operate only as a mortgage to the extent of the obligation of the said Mrs. Cluney resulting from her subscription to said stock. That petitioner acquired said property from said Mrs. Cluney by public act, of date February 4th, 1899, and, during the month of October of that year, borrowed $500 from defendant, to secure the payment of which he transferred to defendant "the right of redeeming said lots in said association and the rights he had

acquired in, and to the property  *   *   *   and that, in addition to
the $500, said Bourque agreed to pay the dues to said association, also
the taxes, up to October, 1900, amounting to $124.00, making in the
aggregate, $624.00 actually paid, or to be paid, out by said Bourque.
And that, for the purpose of securing to the said Bourque the payment
of said money, petitioner signed a contract, in the form of a sale,
transferring to said Bourque the lots of ground, with the right of
redeeming the same from the said mortgage of the Building and Loan
Association.    That the recitals of Bourque's deed are, that he paid
petitioner $856.80, while, in fact and in truth, the said Bourque paid
only $500.00 to your petitioner, and paid to the Abbeville Building &
Loan Association, Limited, during the year 1900, $110,00, and the
taxes, $14.50, and for these sums, your petitioner agreed to pay said
Bourque the sum of $856.80, all of which will more fully appear by the
act of sale and counter letter  *   *   *   hereto annexed and made
part hereof  *   *   *; that said transaction  *   *   *   was never in-
tended by either party to be a sale of property but was only intended
to secure the loan made by said Bourque  *   *   *; that the above
lots are worth more than $2,500.00;" that "your petitioner has noti-
fied, and did notify, said Bourque, before the expiration of one year,
that he would repay the loan and redeem the property from the mort-
gage, as contemplated under these agreements.    That, notwithstanding
these facts, the said Bourque, without the authority of your peti-
tioner, has caused the said Building & Loan Association to make out a
quit claim deed, or act of sale, to said Bourque, cancelling the stock
of your petitioner and thereby causing your petitioner loss of the
dividends which were earned by the shares of stock that were, and
should now be, in the name of your petitioner  *   *   *; that said
Bourque now claims the possession of these premises hereinbefore
described and is seeking to collect, and is collecting, the revenues and
rents thereof, which are legally the property of your petitioner.' Peti-
tioner shows that he has tendered the said Bourque the sum of
$1397.36, being more than the amount which would compensate the
said Bourque for all expenses and expenditures on the said property.
including the original loan made your petitioner and the sum paid
the  *   *   *   Loan Association, together with interest thereon
and is now willing to pay him the said amount upon the said Bourque's
cancelling and annulling the aforesaid act or contract between Bourque
and your petitioner  *   *   *; that the contract between him and the

said Bourque was a pignorative contract conveying to Bourque the right to be paid out of the proceeds of the property and that your petitioner is the real and legal owner of that property and is entitled to be restored to the possession and to be decreed the owner thereof upon payment to Bourque of a sum sufficient in amount "to satisfy the debt due to Bourque and his expenditures lawfully made; that he is entitled to a judgment against Bourque condemning him to pay the sum of $400, which the unlawful and unwarranted acts of Bourque in cancelling and conveying the shares of stock of your petitioner in the Abbeville Building & Loan Association amount to, and that he is entitled to an accounting" for rents and revenues, etc. He prays to be decreed the owner of the property, which he describes, and put in possession and that the defendant be condemned to receive the amount tendered, less the amount claimed by the plaintiff, in full satisfaction of his claim," etc.

The notarial act witnessing the transaction between the plaintiff and defendant, annexed to and made part of the petition, contains the following recitals:

"Personally came and appeared, John J. Bagley who declared that for and in consideration of the price and sum, and on the conditions, hereinafter set forth and expressed, he has, and by these presents he does, grant, bargain, convey, sell, assign, transfer, set over and deliver, in full property, and with full guarantee against all troubles, debts, mortgages, evictions, donations, alienations, or other encumbrances whatsoever, and with full subrogation to all his rights and actions in warranty against any and all previous owners, unto Ophelias Bourque, here present, accepting, acquiring, and purchasing for himself, his heirs and assigns, and acknowledging delivery and possession thereof, the following described property, to-wit: Five shares of stock of the Abbeville Building & Loan Association * * * together with the payments and accumulations thereon. Also the right of redemption and all other rights of said vendor in, and to, four certain lots," etc. "To have and to hold the said above described property unto the said Ophelias Bourque, his heirs and assigns forever, from and after this date." Then follows a warranty of title, and the act proceeds; "This sale is made and accepted for and in consideration of $856.80, cash, which the vendee has well and truly paid unto the said vendor and the receipt whereof is hereby acknowledged by said vendor, who, by these presents, grants full acquittance therefor to said vendee."

Another act, of date, July 11th, 1901, witnesses the sale, in the form of a quit claim deed, from the association to Bourque and recites that on September 7th, 1897, Mrs. Cluney had sold three of the lots in question to said association for the sum of $1,000.00, and, as an additional security for the repayment of said sum, had pledged all her rights and claim to the other of said lots; that, thereafter, she had sold all of said lots to John J. Bagley, "with right of redemption and all shares of stock pledged to said association" and that Bagley had sold said lots to Bourque "with full subrogation to all his rights of redemption;" and the act then proceeds to recite the conveyance of the property to Bourque for $445.72 "cash money," being the amount necessary to liquidate the claim "of the association against the property, and the surrender of five shares of the stock of the association, * * * together with all payments and accumulations thereon."

The counter letter from Bourque to the plaintiff reads: "I the undersigned, Opehelias Bourque do, by these presents, promise to retrocede to John J. Bagley the same property bought by me from him this day as per act passed before Louis J. Bourges, a notary public of Vermilion parish, this 14th day of November, 1899, to-wit: Five shares of stock, * * * and also the right of redemption in and to the four lots of ground, being * * * I promise to retrocede to said J. J. Bagley, on or before November 1st, 1900, for the price and sum of $856.80, provided this amount is paid in cash on or before said date with the taxes and insurance premium that may be due on said property."

These instruments, which are annexed to, and made part of, the petition, control the averments of the plaintiff as to their character and purpose, and show that the transaction between him and the defendant was a sale, with the right of redemption, in strict accordance with the provisions of the Code. C. C. 2567 *et seq.;* Soulie vs. Ransom, 29th Ann. 161; Bevens vs. Weil, 30 Ann. 185; Levy vs. Ward, 32 Ann. 784; Jackson vs. Lemle *et als.,* 35th Ann. 855; Henkel vs. Mix, Sheriff, *et als.,* 38th Ann. 271; Lawler & Huck vs. Cosgrove, 39 Ann. 488.

The only averment in the petition tending to show compliance with the condition contained in the counter letter is the following: "Your petitioner has notified, and did notify, said Bourque, before the expiration of one year, that he would repay the loan and redeem the property from the mortgage as contemplated under these agreements." This does not amount to an allegation that the money necessary to

redeem the property was tendered within the year, and the fact alleged *i. e.;* that, within the year, the plaintiff notified the defendant that he would pay such amount at a date not fixed does not meet the requirements of the case. It is nowhere alleged that, at the date of the sale, the property was worth more than was paid for it, and the fact that it may be worth more at this time does not affect the question at issue. The act of sale contains defendant's specific acknowledgment, of the delivery and possession of the property, and there is no conflict between this acknowledgment and the plaintiff's averments elsewhere in the petition. On the contrary, those averments convey the idea that the defendant went into possession and so remained. The authorities to which we are referred, and which hold that where the price appears to be wholly inadequate, and where the nominal, or putative, vendor remains in possession, the agreement will be regarded as a pignorative contract, have, therefore, no application.

Judgment affirmed.