ST. PAUL, J'.
This is an action to have an alleged sale of land with right of redemption (vente a reméré) declared a mere pignorative contract (common-law mortgage); the difference being this, that in sales with right of redemption the purchaser becomes the owner of the property sold, subject only to the right of the vendor to reacquire the property (C. C. 2567, 2575 to 2578), whilst in pignorative contracts the nominal vendor continues to be owner and the nominal purchaser has only a pledge or mortgage for his debt, which he must enforce in the usual way. Collins v. Pellerin, 5 La. Ann. 99.
Redemption sales have therefore been a fruitful source of litigation in this state. As to which the following cases may be listed, without exhausting the catalogue, to wit: Patterson v. Bonner, 14 La. 214; Collins v. Pellerin, 5 La. Ann. 99; Wolf v. Wolf, 12 La. Ann. 529; Le Blanc v. Bouchereau, 16 La. Ann. 11; Carter v. Williams, 23 La. Ann. 281; Calderwood v. Calderwood, 23 La. Ann. 658; Ware v. Morris, 23 La. Ann. 665; Soulie v. Ransom, 29 La. Ann. 168; Parmer v. Mangham, 31 La. Ann. 348; Wang v. Finnerty, 32 La. Ann. 94; Levy v. Ward, 32 La. Ann. 784; Thibodaux v. Anderson, 34 La. Ann. 797; Jackson v. Lemle, 35 La. Ann. 855; Crozier v. Ragan, 38 La. Ann. 154; Miller v. Shotwell, 38 La. Ann. 890; Lawler v. Cosgrove, 39 La. Ann. 488, 2 South. 34; Howe v. Powell, 40 La. Ann. 307, 4 South. 450; Payne v. Nowell, 41 La. Ann. 852, 6 South. 636; Baker v. Smith, 44 La. Ann. 929, 11 South. 585; Lester v. Connelly, 46 La. Ann. 340, 15 South. 4; Stewart v. Sutton, 48 La. Ann. 1073, 20 South. 283; Marbury v. Colbert, 105 La. 467, 29 South. 871; Bagley v. Bourque, 107 La. 395, 31 South. 860; Caldwell v. Trezevant, 111 La. 410, 35 South. 619; Bonnette v. Wise, 111 La. 855, 35 South. 953; Leger v. Leger, 118 La. 322, 42 South. 951; Eames v. Woodson, 120 La. 1031, 46 South. 13; Rion v. Reeves, 122 La. 650, 48 South. 138; Seckinger v. Cheneville, 125 La. 278, 51 South. 197; Jolivet v. Chaves, 125 La. 923, 52 South. 99, 32 L. R. A. (N. S.) 1046; Butler v. Marston, 145 La. 41, 81 South. 749. See, also, Heurnan v. Blades (1877) unreported but mentioned in Louque’s Digest, p. 638.
I.
The leading case on the subject is Marbury v. Colbert, 105 La. 467, 29 South. 871. That case lays down the rule that—
“Redeemable sales of immovable property, unaccompanied by delivery of the thing sold, will be considered, as between the parties, in the absence of evidence to the contrary, as mere contracts of security, and the vendee out of possession may take this position equally with the vendor.”
It was further laid down that in order to constitute a real sale the vendee must not only take actual possession, but must also have given “reasonably adequate consideration.”
In his dissenting opinion, Mr. Justice Provosty (29 South. 872) reviews all the authorities up to that time, and points out that until then parol evidence had never been admitted (over objection urged) to vary, as between . the parties, the express terms of the written agreement, or to affect the title to the real estate. But the rule was none the less laid down as above, and has been adhered to ever since.
In Butler v. Marston, 145 La. 41, 81 South. 749, it was pointed out that—
“Except as throwing light on what was probably the intention of the contracting parties, *1009 inadequacy of price is no more injurious to a redemption sale than to an out and out sale.”
In Bonnette v. Wise, 111 La. 855, 35 South. 953, it was held that where the purchaser went into actual possession, mere inadequacy of price would not alone suffice to convert a redeemable sale into a simple contract of security, and that—
“The remedy, where the price paid is less than one-half of the value of the immovable estate sold, is by action of lesion.”
In Bagley v. Bourque, 107 La. 395, 31 South. 860, it was held essential in order to state a cause of action (to have a redemption sale declared a mere contract of security) that plaintiff should allege that the purchaser never took actual possession.
[1] Hence the one test by which to determine whether a contract evidences a real sale with right of'redemption, or a mere contract of security, has ever since been whether the purchaser has .gone into actual possession. See Caldwell v. Trezevant, 111 La. 410, 35 South. 619; Bonnette v. Wise, 111 La. 855, 35 South. 953; Leger v. Leger, 118 La. 322, 42 South. 951; Eames v. Woodson, 120 La. 1031, 46 South. 13; Rion v. Reeves, 122 La. 650, 48 South. 138; Butler v. Marston, 145 La. 41, 81 South. 749.
II.
We think the rule, as thus stated, and as adhered to by this court, is sound in law, simple of comprehension, and easy of application. It avoids the necessity of attempting to reconcile the always conflicting testimony of the parties, where perchance each may be telling the truth as to his own intentions ; and thus leaves the contract to be interpreted by facts readily proved and in accordance with the well-settled rule of law that a contract is to be interpreted according to the manner in which the parties themselves have executed it. C. C. art. 1956.
III.
[2] From the foregoing it results that the title of the- purchaser is perfected by the delivery of actual possession. If that delivery takes place before the delay for redemption has expired, the vendor, of course, preserves his right of redemption. But if the vendor delivers the property after the delay for redemption has expired, obviously the sale then becomes absolute. Ry such delivery the vendor acknowledges that the thing belongs to the purchaser, and he cannot thereafter be heard to deny' the latter’s title thereto.
And this court has already so decided twice. In Levy v. Ward, 32 La. Ann. 784, 789, it was held that when a vendor, allowed to remain in possession under a sale with right of redemption, leased the property from the purchaser after the expiration of the delay for redemption, this established and acknowledged the purchaser’s ownership and right of possession of the property; so that neither the vendor nor his heirs could ever afterwards question it. In Jackson v. Lemle, 35 La. Ann. 855, 857, 858, the vendor, left in possession under a sale with right of redemption, leased the property from the purchaser after the delay for redemption had expired; and the court held that such leasing of the property from the purchaser by the vendor was conclusive of his forfeiture of the right to redeem and an irrevocable admission of the purchaser’s title to, and ownership of the land.
IV.
We now need only apply the foregoing principles of law to the case at bar; the facts of which, as we find them, being as follows:
[3] Plaintiff, being indebted to defendant for some $1,900 on various accounts, and being unable to pay, sold his land to defendant for $2,000; defendant paying the difference in cash. A counter letter was executed by which defendant w.as to have the right *1012 to redeem within two years for $2,360; being admittedly the purchase price with two years’ interest added at S per cent. Plaintiff was to receive, and did receive, the revenues of the property during said two years. At the expiration of the two years plaintiff leased the property from defendant, the consideration for the lease being a share in the crops raised. Plaintiff swears he did not lease the land from defendant; but defendant swears that plaintiff did lease it, and the latter is corroborated by two witnesses, apparently disinterested. The trial judge found for defendant; and we see no reason to disturb his finding. The case comes squarely within the doctrine laid down in Levy v. Ward and Jackson v. Lemle, supra; and this makes it unnecessary to consider other points raised by counsel.
Decree.
The judgment appealed from is therefore affirmed.