HIGGINS, Justice.
 

 The plaintiffs seek to have a cash act of sale with a counter letter, both in authentic form, declared to be a pignorative contract, or a mortgage, or an instrument of security, or an hypothecation. The defense is that these authentic acts represent a cash sale of real estate with a right of redemption — a vente a remere.
 

 There was judgment against one of the plaintiffs on the ground that he proposed to convey his interest and in favor of the other plaintiff, because he only intended to mortgage the property as security for a loan of $200. The plaintiffs and the defendant appealed.
 

 In 1931, the plaintiffs, John H. Baker and James P. Baker, inherited from their grandmother and grandfather an undivided %oth interest each in 980 acres of land located in Claiborne and Lincoln Parishes, Louisiana. The defendant, H. E. Patton, a first cousin of the plaintiffs, also inherited from his grandparents an undivided %8th interest in the sarnie land. John Baker desired to borrow $200 and secured permission from his brother, James P. Baker, to also use his %oth interest in obtaining the money. After a few unsuccessful attempts, he was referred to his cousin, the defendant, who stated that he would not be interested in advancing any money to be secured by a mortgage on the undivided Jéoth interest each of the plaintiffs in the land, because he did not wish to be bothered with a foreclosure proceeding in the event the money was not repaid, but that he would purchase their interests for $200 cash and give them the right to redeem the property by December 23, 1932. This was agreed to and the parties went before a notary public on March 18, 1931, and executed an authentic cash act of sale, the plaintiffs transferring their undivided interests in the land in consideration of $200 cash to the defendant. The act contained the usual clauses of warranty, subrogation of all rights of actions of warranty, etc. Simultaneously with the passing of .this cash act of sale, the defendant signed a counter letter in authentic form, the pertinent parts of which read as follows:
 

 “Personally came and appeared before me, Lamont Seals, a Notary Public, duly commissioned, qualified, and acting in and for Claiborne Parish, Louisiana, H. E. Patton, who declared that whereas he has this day by Notarial act executed before Lamont Seals, Notary Public of the Parish of Claiborne, State of Louisiana, purchased from J. H. Baker and J. P. Baker, for the price and sum of Two Hundred and No/100 ($200.00) Dollars, the following
 
 *787
 
 described land, to-wit * * (Here follows a description of their interest in the 980 acres of land:)
 

 “Now, therefore, if the said J. H. Baker and J. P. Baker shall, on or before December 23rd, 1932, pay unto him, the said H. E. Patton, the sum of Two Hundred and No/100 ($200.00) Dollars, with 8% per annum interest thereon from date hereof until paid, then, and in that case, the said H. E. Patton agrees and hereby binds and obligates himself, his heirs and assigns, to re-transfer the above described property to the said J. H. Baker and J. P. Baker, heirs and assigns, by a quit claim deed and by title unincumbered by any act of his, the said H. E. Patton.”
 

 Both instruments were properly registered in the conveyance records of each Parish. Due to the fact there. were a number of heirs, it was impossible for all of them to physically possess their respective interests in the estate, which remained in the possession of one of the co-owners, who managed the property by operating a small farm thereon and paid the taxes. On January 13, 1936, there was judgment placing the heirs in possession and recognizing the plaintiffs as the owners of an undivided %oth interest each in the estate. The property at all times remained undivided, but after the execution of the act of sale, certain timber thereon was sold in 1936, the defendant receiving the share he was entitled to by virtue of his own inheritance and also the shares 'that the plaintiffs would have received if they had not sold or transferred their interests in the land. He also received the same pro rata of money paid in consideration for certain mineral leases.
 

 Before the expiration of the redemptive period, the plaintiff James P. Baker asked the defendant to allow him to redeem his interest separate from John H. Baker in consideration of the payment of $100, but the defendant insisted upon the full return of the purchase price with 8% interest. Neither of the plaintiffs redeemed the property before December 23, 1932, nor attempted to do so thereafter, until oil was discovered on the land. The present suit, in which fraud and error are alleged, was filed on November 30, 1937.
 

 The plaintiffs and their witnesses testified in substance that it was their intention to borrow money from the defendant and pledge their interests in the land as security.
 

 The defendant proved by several witnesses that at the time of the sale of the property, each acre was worth $5 or $6. The undivided %oth interest each, or Jáoth •interest of both of the plaintiffs in the 980 acres of land, was equivalent to 32% •acres. By multiplying their proportionate acreage interest by $6, we find that when the property was transferred, it was worth about $196. Due to the depression there was practically no market for poor farm lands, and, therefore, the price paid by the defendant was in keeping with the value of the property at the time he purchased it.
 

 The testimony of the defendant and the notary public was to the. effect that the defendant declined to advance any money to be secured by a mortgage, because he
 
 *789
 
 did not want to be troubled with litigation in the event of the non-payment of the loan; that the notary public and-the defendant made it clear to the plaintiffs that he would pay $200 cash for their undivided %oth interest each in the property if they would execute an authentic cash act of sale to him with warranty, and that he would give them until December 23, 1932, or a year, nine months and five days, in which to redeem the property upon returning the purchase price of $200, with 8% interest; and that the plaintiffs were in accord with this agreement and the whole matter was reduced to writing by the notary public, signed by the parties and then properly registered.
 

 This evidence is corroborated by the notarial acts and conveyance records as .well as the testimony of the plaintiff James P. Baker, who testified that he “wanted to pay it before it ran out.” It was shown that the plaintiffs were intelligent and understood fully what they were signing. The defendant’s position that there was neither error nor fraud is confirmed by the conduct of the plaintiffs in not claiming any part of the proceeds realized from the sale of the timber in 1936 as well as the. money realized from leasing the land for mineral purposes about that time. They, as alleged owners of the property, neither requested their share of the money nor demanded the return thereof from the defendant, nor insisted that he credit the alleged mortgage loan therewith. They treated the transaction as though they had sold their interests to the defendant.
 

 It is our conclusion from the cash act of sale, the counter letter and the evidence in this case, that this was a sale of real estate with the right of redemption and not a transfer of property to secure a loan. R.C.C. Article 2567. Harper et al. v. Citizens’ Bank of Louisiana et al., 51 La.Ann. 511, 25 So. 466; Brooks v. Broussard, 136 La. 380, 67 So. 65; Henkel v. Mix et al., 38 La.Ann. 271; Butler v. Marston, 145 La. 41, 42, 81 So. 749.
 

 The cases of Baker v. Smith, 44 La. Ann. 925, 11 So. 585, Marbury v. Colbert, 105 La. 467, 29 So. 871, and Latiolais v. Breaux, 154 La. 1006, 98 So. 620, cited by the plaintiffs, are not apposite here, because in those cases the vendor remained in possession of the land sold.
 

 The learned trial judge fell into error in holding that as the plaintiff James P. Baker only permitted his brother, John H. Baker, to use his interest in the property for the purpose of securing the $200 from the defendant that insofar as he was concerned, it was not a sale, but an hypothecation of the property. This trans'action could not be a sale with a right of redemption and a mortgage, too. It was either one or the other. It could not be both. We have already pointed out that it was James P. Baker’s understanding that the transaction represented a sale with a right of redemption, the defendant agreeing to handle the matter only in that way. It is, therefore, our opinion that the transfer was a sale with a right of redemption, binding upon both plaintiffs.
 

 For the reasons assigned, it is ordered, adjudged and decreed that the judgment
 
 *791
 
 appealed from be amended by rejecting the demands of the plaintiff James P. .Baker, and dismissing his suit, and in all other respect's the judgment is affirmed; plaintiffs to pay all costs of court