GLADNEY, Judge.
This appeal is from a judgment rendered in favor of plaintiff for a real estate commission. The defendant-appellant assigns error to the holding by the trial court that a conveyance made by defendant to Lemuel Sliman was an act of sale rather than a pignorative contract.
Joe Brangato, the owner of a lot on Line Avenue in Shreveport, listed Sealy Realty as exclusive agent to find a buyer for his property. The agreement executed January 11, 1967 recited in part:
“* * * I hereby employ said AGENT as my sole and EXCLUSIVE AGENT to sell for me the following described property: * * * for a price of $25,-000.00 * * * ”
The commission was to be due “in the event of a sale or exchange of said real property by said AGENT or any other agent or person including OWNER, while this contract is in force. * * * The contract was for six months with provisions for extensions. Sealy made contacts with prospective buyers without results.
*621 On April 7, 1967 Brangato executed a cash sale deed in favor of one Lemuel Sli-man for a recited consideration of $21,500. Sealy made demand on Brangato for $1,-290. Brangato refused to pay because he claimed the sale did not actually transfer ownership to Sliman but was a security transaction for the security of Sliman for a loan.
Sealy filed suit May 9, 1967 and judgment was rendered in its favor for the commission claimed. The court determined that the listing agreement provided for a commission to Sealy irrespective of whether Sealy or Brangato sold the property; it further rejected Brangato’s contention that the sale was only a pignorative contract or a sale reserving the right of redemption. The main issue raised on this appeal is whether the agreement entered into between Sliman and Brangato was a pignora-tive contract, a sale subject to redemption.
A real estate broker is not entitled to a commission on a sale made by the owner if he is an agent of the seller except when the owner sells to a prospect obtained by the agent. But if the agent is given the exclusive right to sell, the agent is entitled to a commission on a sale made by the owner. George Lawrence & Sons, Inc. v. Lucas, La.App., 198 So.2d 427 (4th Cir.1967). In this case as Sealy was an exclusive agent, however, the agreement provided that the commission would be due although the owner sold the property. The parties specifically provided for a determination in the event that the owner did find a buyer during the existence of the contract.
The only written evidence of the agreement between Brangato and Sliman is a cash sale deed. The deed itself does not contain any reservation of redemption in Brangato’s favor. No counter-letters or other written agreements have been presented which bear on the issue. The only evidence of the nature of the contract between Brangato and Sliman consists of oral testimony. Jack Rogers of Sealy testified that about March 30, 1967 Brangato told him during a telephone conversation that he was in need of money and had made an agreement with Sliman to make a loan on the property in which transaction Sliman was to have the deed and Brangato was to have six months in which to redeem the property. Rogers further testified that Brangato told him the property was still for sale and that in the event Rogers could find a buyer he could still convey the property. Rogers admitted that Brangato told him the transaction was merely a security device but Rogers informed Brangato that Sealy would consider the transaction a transfer and consider itself entitled to its commission. Rogers also said he offered to escrow the commission for Brangato to be returned to him when and if the property was redeemed.
Lemuel Sliman testified that Brangato needed some additional money in connection with the purchase of an additional tract of land and that it was agreed between themselves that Brangato would deem the property to Sliman. Proceeds of the loan, $21,500, was to be given Brangato who was to have one year in which to redeem. Sliman testified that for the period of one year, Brangato had the control of the property and was obligated for taxes and expenses, but he had the right to sell the property when he wished for an amount in excess of the $21,500. After the one year however, the property, if unredeemed, belonged to Sliman. Sliman testified that Brangato paid the taxes for 1967 and although he had the grass on the lot cut Brangato reimbursed him for these costs. Brangato’s testimony corroborated that of Rogers and Sliman.
Sales subject to redemption (vente á réméré) have been consistently treated by the courts of this state as pignorative contracts or security devices if the vendor has remained in possession. This type of arrangement is considered in the same light as a mortgage. Even where the vendor retains possession other evidence may show that the sale with the option to redeem is a real sale. See Coddou v. Gros, *622 235 La. 25, 102 So.2d 480 (1958); Latiolais v. Breaux, 154 La. 1006, 98 So. 620 (1924) and Marbury v. Colbert, 105 La. 467, 29 So. 871 (1901). In the Marbury case is the following':
“ * * * redeemable sales of immovable property, unaccompanied by delivery of the thing sold, will be considered, as between the parties, in the absence of evidence to the contrary, as mere contracts of security, and either party to the contract is at liberty to maintain this position.” [29 So. 871, 872]
In the case of Marbury v. Colbert, supra, Justice Provosty contended that prior to that decision parol evidence had never been admitted, over objection urged, to vary, as between the parties, the expressed terms of the written agreement, or to affect the title of the real estate. In noting this in Latiolais v. Breaux, supra, . the court said: “* * * But the rule was none the less laid down as above, and has been adhered to ever since.” [98 So. 620, 621].
The decision of the court quoted Bagley v. Bourque, 107 La. 395, 31 So. 860 (1902) to the effect that in order to state a cause of action to have a redemption sale declared a mere contract of security plaintiff must allege that the purchaser had never taken actual possession.
The court pointed out in Jackson v. Golson, La.App., 91 So.2d 394 (2nd Cir. 1956, cert. den.) that in pignorative contracts the purported vendor continues to be the owner and the purported owner has only a pledge or mortgage for his debt which he must enforce in the usual way.
In brief counsel for appellee assert that: (a) the cash sale deed is silent with respect to any right of redemption, repurchase option or the like; (b) that no counter letter or other agreement whatsoever was introduced in evidence to support such position; (c) that Mr. Sliman encumbered the subject property with a mortgage immediately after he acquired title on April 7, 1967; and (d) Mr. Sliman placed a “For Sale” sign on the property, instructing prospective buyers to inquire at his place of business, not at Mr. Brangato’s place of business. These contentions are without merit. In order for a cash deed to accompany a pignorative contract it is unnecessary to specifically provide in said deed for redemption. See Jackson v. Gol-son, supra. No counter letter was in evidence. This, however, is of no import for the reason that both parties to the property transfer, Brangato and Sliman, fully confessed under oath in court the facts which establishes the existence of the pignorative contract. With reference to encumbering the property with a mortgage, it may be observed that this may be the purpose of a pignorative contract for Sliman possibly could have borrowed in his name when Brangato was unable to do so. In the instant case it was simply the responsibility of Brangato to redeem the property and make it available for transfer to Sealy’s customer in the event of a sale. He had so advised Mr. Rogers of Sealy that he would do this. There appears to be no reason why a sale with adequate consideration could not release the property from the mortgage by Sliman or Brangato. With reference to the “For Sale” sign it should be noted that the evidence is conclusive that Brangato retained possession and the sign which remained for only a short period of time was removed, therefore inured to the benefit of Sealy in the case of a sale.
The contract between Brangato and Sli-man not being one of sale but a security device does not entitle plaintiff to a commission.
The judgment is reversed and it is now ordered, adjudged and decreed that plaintiff’s demands be rejected at it cost.