TUCKER, Judge.
On August 12, 1966 plaintiff Maria Domino Johnson filed suit against her sister Josephine Domino asking her to recon-vey certain property more fully described below, which she had transferred to her by Act of Sale dated May 2, 1960. The consideration recited is “the sum of Ten Thousand Six Hundred Fifty-eight and no/100 ($10,658.00), cash in hand paid, representing advances and loans made from time to time by the vendee herein to the vendor.” A counter letter, executed *634 the same date and attached to the Act of Sale, was signed by Josephine Domino agreeing to retransfer the property to Maria Domino at any time within five (5) years upon payment or offer to pay the sum of $10,658.00. Plaintiff alleged payment in full in February, 1962, and the trial judge eventually gave judgment on October 30, 1972, ordering defendant Josephine Domino to retransfer to her sister Maria Domino Johnson the following property:
“That certain tract of land situated in the Parish of St. Mary, State of Louisiana, bounded on the North by lands now or formerly of Joseph S. Aucoin, on the east by lands now or formerly of Blanchard; on the South by lands now or formerly of Desire Daigle; on the West by lands now or formerly of J. Y. Sanders or by a line known as the J. Y. Sanders’ line, and having a frontage of one arpent on the lands of Blanchard by a depth of twenty-six (26) arpents, more or less, together with all buildings and improvements thereon and thereto appertaining. Being the same property acquired by Clyde Thomas Belanger, Sr. and vendor from Edna Mayon Topham et al by act of sale recorded February 27, 1951, in Book 7-S, Page 28, of the Conveyance Records of St. Mary Parish.
That certain lot or parcel of land, lying and being situated in the Town of Amelia, Parish of St. Mary, State of Louisiana, and more fully described as being Lot Number Two (2) of the property of Irma Daigle Beadle situated in Section 23, T 16 S, R 13 E, St. Mary Parish, Louisiana, as per plan of said land made by T. F. Kramer, Civil Engineer & Surveyor, Franklin, La., dated November 27, 1950.
Said lot herein conveyed having a front of One Hundred Two and Two Tenths (102.2) feet on the east side of Public Road by a depth between parallel lines of Three Hundred Six (306) feet, and is vacant and unimproved land.
Being the same property acquired by the vendor herein from Frank B. Beadle by act of credit sale executed before John J. Bibbins, Notary Public, St. Mary Parish, Louisiana, on April 24, 1952, and recorded in Book 7-Z of Conveyances Entry No. 84,301 of the Records of the Parish (sic) St. Mary, and Book 140 of Mortgages, Entry No. 60,317 of the Records of St. Mary Parish, State of Louisiana, of date May 3rd, 1952.”
Defendant Josephine Domino has appealed from this judgment, stating four issues, which can be condensed into two questions for the Court of Appeal: (1) whether the contract of 1960 executed between the parties herein was a Sale with Right of Redemption or a pignorative contract; and (2) whether parole evidence may be introduced and is of sufficient probative value to show payment.
The trial judge found that the instrument in question was in fact a counter letter, citing Delcambre v. Dubois, 263 So. 2d 96 (La.App. 3rd Cir. 1972) in support. He also found that the plaintiff had possessed the subject property as required to establish that a purported sale with right of redemption was actually a security device. See Marbury v. Colbert, 105 La. 467, 29 So. 871 (1901); Latiolais v. Breaux, 154 La. 1006, 98 So. 620 (1924); Jackson v. Golson, 111 So.2d 876 (La.App. 2d Cir. 1959); and Woods v. Stoma, 242 So.2d 320 (La.App. 2nd Cir. 1970). Despite allegations to the effect that Josephine Domino had paid the taxes and insurance on the subject property the trial judge found the evidence overwhelming to show possession by plaintiff, in that she had cleaned and cleared the subject property, operated a trailer court on it with her husband, received all the revenues therefrom, paid rent to no one for any part of the 'property, and, with her husband, had made all management decisions regarding the property. We concur in his findings.
We concur likewise in the statement of the trial judge in his written rea *635 sons for judgment, in which he opines that it really makes no difference how the instrument between the parties of May 2, 1960, is characterized in the light of his subsequent finding of payment. The trial judge was in a position to see all of the witnesses who testified in this litigation, to observe their demeanors, and evaluate their credibility. We quote with approval from his written reasons for judgment in regard to them:
“Plaintiff alleges complete repayment to defendant of the amount set forth in the counter letter, and alleges that the repayment was in the early part of 1962. Defendant denies such repayment and even denies that plaintiff ever offered to repay the specified sum.
The evidence at time of trial overwhelmingly corroborated plaintiff’s allegations. Plaintiff testified that she repaid the money in cash in the presence of an employee. The employee, in a deposition, testified that a large amount of cash was paid by plaintiff to defendant at the time alleged by plaintiff. The defendant admitted in the presence of two disinterested witnesses on two separate occasions, in some detail, that she had been repaid by plaintiff, but that she was not going to retransfer the property. Plaintiff’s husband testified that he had heard defendant admit on several occasions that she had been repaid, one of the occasions being in the presence of one of the two disinterested witnesses. (See Transcript pages 80 arid 81.) Frank Domino, a respected businessman and longtime city councilman in his hometown and the brother of both the plaintiff and the defendant, was subpoenaed for testimony, and stated that the defendant had admitted to him that she had been repaid the money in question. This court was particularly impressed with Mr. Domino’s testimony, as it was obvious that he was reluctant to become involved in the litigation between his sisters, but he was very positive about the defendant’s admission of payment. (See Transcript pages 69 and 78).
In response to all of the testimony by the several persons referred to herein-above to the effect that the money had been repaid, the defendant simply testified that all of these people were perjuring themselves. (See Transcript pages 112 to 116.) Defendant’s blatant accusations of perjury as to all those who testified in this matter cast serious doubt as to her credibility in this matter. Also, defendant was evasive in her testimony about certain evidence against her position which in essence was indisputable. Her evasiveness on such matters also weakened her credibility. This court is completely convinced that as a matter of fact the money in question was in fact repaid by plaintiff to defendant within the time specified by the counter letter.”
The proper issue regarding the use of parole evidence in this case, as we see it, is not whether parole evidence may be introduced to vary the terms of written instruments, but instead whether parole evidence may be introduced to show payment. The May 2, 1960 instruments sued upon contain full proof of their terms within themselves. They certainly were adequate to set forth the intention of the parties. Their effect as a sale with redemptive right or as a pignorative device turns upon the question of possession of the subject property, all as set forth, sttpra. Upon the instant of payment, however, it ceased to be of moment whether the contract of May 2, 1960 was a sale with right of redemption or a security device. The only question of any real importance in this case is whether or not defendant was repaid. “He who claims the execution of an obligation must prove it . . .” Civil Code Art. 2232. Since Millaudon v. Colla, 15 La. 213 (1840), and doubtless for long before, it has been held that payment may be proved by parole evidence. We agree with the trial judge in his findings quoted above that the plaintiff proved payment by a pre *636 ponderance of positive evidence, opposed only by the aging defendant’s meager, negative evidence.
For the foregoing reasons the judgment of the trial court, ordering the retransfer by the defendant-appellant to the plaintiff-appellee of the property herein described, is affirmed at appellant’s costs.
Affirmed.