HALL, Judge.
This is a suit by the surviving spouse and heirs of Larkin Potts to have a purported sale with a subsequently granted right of redemption between Larkin Potts as vendor and defendant as vendee declared a security device and seeking reconveyance of the property upon repayment of the amount owed. Plaintiffs’ demands were rejected following a jury trial. On plaintiffs’ appeal, we hold that Larkin Potts voluntarily relinquished possession after the time for redemption expired, thereby perfecting defendant’s title to the property, and we affirm.
On January 6, 1961, Potts signed a deed conveying the land in question to defendant for $4,281.49 cash. This sum was used to pay a debt, secured by a mortgage on the land, owed by Potts to Henry Stevenson. On January 30, 1961, Potts and defendant signed an agreement that the land would be reconveyed to Potts if he paid $4,200 with eight per cent interest within four years.
Potts remained in possession of the property, living on it and farming it through 1964. In the spring of 1965 he offered to pay defendant the money owed. Defendant refused to reconvey the property because the period of redemption had expired. Potts’ son made a crop on the land in 1965, obtaining a lease from defendant for $1 per year.
Jack Adcock, a local farmer, leased the land from defendant in 1967 or 1968 and farmed it continuously since that time. He testified that Larkin Potts assisted him in obtaining the lease. Mrs. Potts denied that her husband assisted Adcock in obtaining the lease, but it is undisputed that Adcock farmed the property acting under his lease from defendant. Adcock cleared the woodland portion of the property and generally used the entire property except two to four acres on which Potts and his wife continued to live. Potts was certainly aware of Ad-cock’s possession as defendant’s lessee and did not object.
Plaintiffs correctly argue that the documents of January 6 and January 30, executed closely together in point of time, should be read together. Read together, the documents constitute a sale from Potts *416 to defendant with Potts retaining a right of redemption. See LSA-C.C. Arts. 2566-2588. It is well settled that a sale of immovable property will be regarded as a security contract if the vendor reserves the right of redemption and retains possession of the property. Woods v. Stoma, 242 So.2d 320 (La.App. 2d Cir. 1970), writs refused 257 La. 985, 244 So.2d 857 (1971); Latiolais v. Breaux, 154 La. 1006, 98 So. 620 (1923). A delivery of possession is, therefore, necessary to perfect title in the vendee.-
The Supreme Court stated the rule applicable to the instant case in the leading case of Latiolais v. Breaux, supra:
“From the foregoing it results that the title of the purchaser is perfected by the delivery of actual possession. If that delivery takes place before the delay for redemption has expired, the vendor, of course, preserves his right of redemption. But if the vendor delivers the property after the delay for redemption has expired, obviously the sale then becomes absolute. By such delivery the vendor acknowledges that the thing belongs to the purchaser, and he cannot thereafter be heard to deny the latter’s title thereto.”
Potts’ right of redemption was preserved as long as he remained in possession of the property. The right was lost, however, and defendant’s title was perfected and became absolute when actual possession was delivered to defendant. Adcock’s possession of the property as defendant’s lessee was possession on behalf of defendant. LSA-C.C. Art. 3433. After delivery of possession to the purchaser, Potts, and plaintiffs standing in his shoes, were precluded from denying defendant’s title to the property.
Potts’ retention of possession of the house in which he lived, and a small garden, does not negate the fact of actual delivery of possession of the 93 acre tract of land to the purchaser. His continued occupancy of the house was with the permission or indulgence of defendant, and was possession on behalf of the defendant. LSA-C.C. Art. 3490.
The instant case is distinguishable from Woods v. Stoma, supra. In Woods, the only acts of possession of the vendee were the payment of taxes and execution of mineral leases. In the instant case, as in Woods, defendant paid the taxes. However, his lessee, possessing in Spatafora’s name, farmed the. property, an unquestionable exercise of corporeal possession not present in Woods.
For the reasons assigned, the judgment of the district court is affirmed at appellants’ costs.
Affirmed.